

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00562-CR

JAVIER GONZALEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In a single point, Appellant Javier Gonzalez appeals the denial of his post-conviction request for forensic DNA testing. We will affirm.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2001, Gonzalez entered an open plea of guilty to aggravated sexual assault of a child under fourteen years of age, and the trial court assessed

----

[1]See Tex. R. App. P. 47.4.

his punishment at thirty-five years' imprisonment. On August 15, 2002, this court affirmed his conviction. *See Gonzalez v. State*, No. 02-01-00216-CR, slip op. at 5 (Tex. App.—Fort Worth Aug. 15, 2002, pet. struck) (mem. op, not designated for publication).

On May 16, 2005, Gonzalez filed a motion for appointment of counsel for DNA testing. An attorney was appointed to represent Gonzalez, and Gonzalez filed his request for DNA testing on October 8, 2010. The State filed a response and proposed findings of fact and conclusions of law. On November 29, 2010, without a hearing, the trial court adopted the State's proposed findings and conclusions and denied Gonzalez's request for DNA testing. The findings of fact state:

> *Facts of the Case*
>
> 4.  Defendant sexually assaulted nine-year-old C.P. ("the child victim") on or about October 22, 2000 by penetrating her vagina with his finger, touching her genitals, and exposing his genitals to her.
>
> 5.  The victim's mother, R.P. ("the victim's mother"), witnessed Defendant expose his genitals to the child victim on October 23, 2000.
>
> 6.  After the victim's mother called the police, the child victim advised Officer Castillo that Defendant attempted to put her had [sic] on his genitals that morning and that Defendant put "his finger inside of [her] everyday."
>
> 7.  A sexual assault kit and vaginal swabs were taken from the child victim.
>
> . . . .

*Evidence Exists*

10. Evidence exists that might contain biological material.

11. The vaginal swabs of the child victim, the sexual assault kit, and clothing are currently in a condition making DNA testing possible.

*Exculpatory Results*

12. There is no evidence, or allegation, that finger penetration would leave biological material sufficient for DNA testing.

13. The absence of Defendant's DNA in the sexual assault kit would not prove his innocence because there is no evidence that finger penetration would leave biological material sufficient for DNA testing.

14. Defendant has failed to show that "there is a 51% chance that" he would not have been convicted had exculpatory results been obtained through DNA testing of the sexual assault kit.

15. The absence of Defendant's DNA in the vaginal swabs would not prove his innocence because there is no evidence that finger penetration would leave biological material sufficient for DNA testing.

16. Defendant has failed to show that "there is a 51% chance that" he would not have been convicted had exculpatory results been obtained through DNA testing of the vaginal swab.

17. The absence of Defendant's DNA on the clothing would not prove his innocence because there is no evidence that the perpetrator ejaculated while sexually assault[ing] the victim.

18. Defendant has failed to show that "there is a 51% chance that" he would not have been convicted had exculpatory results been obtained through DNA testing of the bag of clothing.

19. Defendant has failed to show that "there is a 51% chance that" he would not have been convicted had exculpatory results been obtained through DNA testing.

[Internal citations omitted.]  The conclusions of law adopted by the trial court state that Gonzalez "has failed to prove, by a preponderance of the evidence, that he would not have been convicted had exculpatory results been obtained through DNA testing of" the sexual assault kit, the vaginal swabs, and the bag of clothing, and that Gonzalez "has failed to show that 'there is a 51% chance that' he would not have been convicted had exculpatory results been obtained through DNA testing."

### III.  DNA TESTING UNDER CHAPTER 64

The trial court may order DNA testing only if statutory preconditions are met.  *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 64.03 (West Supp. 2010).  When, as here, the trial court denies a motion for post-conviction DNA testing without conducting a hearing, we review the ruling de novo.  *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

A convicted person who moves for post-conviction DNA testing bears the burden of satisfying the requirements of chapter 64 of the code of criminal procedure.  *See Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006) (op. on reh'g).  Under that chapter, a convicted person must establish "by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing."  Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A).  The court of criminal appeals has interpreted this phrase to mean a "greater than a 50% chance that [the

4

defendant] would not have been convicted if DNA testing provided exculpatory results." *Prible v. State*, 245 S.W.3d 466, 467 (Tex. Crim. App.), *cert. denied*, 129 S. Ct. 54 (2008); *see Smith*, 165 S.W.3d at 364. That showing has not been made if exculpatory test results would "'merely muddy the waters.'" *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (quoting *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002)).

## IV. NO ERROR IN DENIAL OF MOTION FOR DNA TESTING

Gonzales was convicted of aggravated sexual assault by inserting his finger into the female sexual organ of a child. As the State points out, there is no evidence that digital penetration would leave biological material sufficient for DNA testing. Thus, even if DNA testing of the sexual assault kit, the vaginal swabs, or the bag of clothing revealed that the items do not contain Gonzalez's DNA, or contain another person's DNA, DNA testing of these items would, at best, "muddy the waters." *Rivera*, 89 S.W.3d at 59. In other words, Gonzalez has failed to establish that there is "greater than a 50% chance" that he would not have been convicted if DNA testing provided exculpatory results. *Prible*, 245 S.W.3d at 470; *see Smith*, 165 S.W.3d at 364; *see also* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). Consequently, we overrule Gonzalez's sole point.

## V. Conclusion

Having overruled Gonzalez's sole point, we affirm the trial court's order denying DNA testing.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2011