

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00049-CR
_____


JAMES OWEN SPURLOCK, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 19,452-2006



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

James Owen Spurlock worked with his wife as a caretaker at Touchstone Farms, a private facility that provided residential assisted-living arrangements for mentally disabled adults. Pursuant to a plea of guilty, Spurlock was convicted of aggravated sexual assault of disabled individuals Joy Lauren Thomas and Elizabeth Brooke Alfred,[1] and was sentenced to twenty years' imprisonment in each case. Now, he appeals the denial of his motion for post-conviction DNA testing.[2] We affirm the trial court's judgment finding "that no reasonable basis exists to believe that DNA tests could change [the] outcome."

The records[3] in possession of the trial court corroborated Spurlock's plea. After Thomas suffered an episode of vaginal pain and bleeding, she reported that she and Alfred were sexually assaulted by Spurlock on numerous occasions. Thomas provided details of several of these assaults. Thomas also spoke of the assaults when she was examined by Sexual Assault Nurse Examiner (SANE) Kim Basenger. Basenger noted that while Thomas' previous gynecological

---

[1]Spurlock has filed a single brief appealing his conviction in this cause and in our cause number 06-11-00050-CR.

[2]A convicted person who pled guilty may submit a motion for post-conviction DNA testing. TEX. CODE CRIM. PROC. ANN. art. 64.03(b) (West Supp. 2010).

[3]In cause numbers 06-10-00214-CR and 06-10-00215-CR, Spurlock appealed the trial court's decision to deny appointment of counsel in the underlying cases with respect to the filing of the motion for post-conviction DNA testing. We dismissed these appeals for want of jurisdiction. The clerk's record in this appeal and in our cause number 06-11-00050-CR are slim and do not contain the motion for DNA testing or evidence corroborating Spurlock's plea. Therefore, we take judicial notice of the clerk's records in cause numbers 06-10-00214-CR and 06-10-00215-CR to supply us with the motion appealed from in this case, as well as other matters contained therein.

examination noted that the "hymenal tissue was fully intact," the SANE examination revealed the "hymenal tissue was completely gone."

Alfred also accused Spurlock of sexual assault and described several incidents in detail. Her examination by SANE Tammy Ford revealed trauma and a healed tear of the hymen. Witness Glenda R. Leatherwood stated she "saw something going on between" Alfred and Spurlock. When she went to investigate the situation, Spurlock exited the area. Leatherwood said "his back was to me as I came into the area he turned to the wall and it looked like he was zipping up his pants." Spurlock told Leatherwood that "you better keep your mouth shut. Later that night he told me that he would sharpen my lawnmower blades for me."

We review a convicting court's decision to deny a motion for post-conviction DNA testing under a bifurcated standard of review. *See Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We afford almost total deference to the convicting court's determination of issues of historical fact and the application of law to the fact issues that turn on an evaluation of credibility and demeanor, but review de novo legal issues. *Id.*

Chapter 64 of the Texas Code of Criminal Procedure governs post-conviction requests for DNA testing. Pursuant to Article 64.01, a defendant may request the convicting court to permit forensic DNA testing of evidence containing biological material that was in possession of the State during trial, which was previously subjected to DNA testing, if it can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and

3

probative than the results of the previous test. TEX. CODE CRIM. PROC. ANN. art. 64.01 (West Supp. 2010).

Article 64.03 states:

> (a) A convicting court may order forensic DNA testing under this chapter only if:
> (1) the court finds that:
> (A) the evidence:
> (i) still exists and is in a condition making DNA testing possible; and
> (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
> (B) identity was or is an issue in the case; and
> (2) the convicted person establishes by a preponderance of the evidence that:
> (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
> (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (West Supp. 2010). The motion for post-conviction DNA testing must be sworn and must contain a statement of facts to support the motion. TEX. CODE CRIM. PROC. ANN. art. 64.01. Spurlock's motion, written in a conclusory manner and without supporting facts, simply recited the requirements in Articles 64.01 and 64.03. It did not refer to any specific piece of evidence containing biological material. Consequently, the trial court found that Spurlock could not meet the requirement that "convicted persons show . . . a reasonable probability exists that exculpatory DNA tests would prove their innocence." *Rivera*, 89 S.W.3d at 59.

4

A convicting court can only order forensic DNA testing if the statutory requirements are met. *See Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). An appellant bears the burden of satisfying the Chapter 64 requirements. *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006). In light of the fact that Spurlock failed to meet the requirements of Articles 64.01 and 64.03, the post-conviction motion for DNA testing was properly denied. *Dinkins v. State*, 84 S.W.3d 639, 641–42 (Tex. Crim. App. 2002) (where it is unclear what evidence defendant wants tested, and only general statements support motion for post-conviction DNA testing, requirements of Chapter 64 are not met).

Further, the Texas Court of Criminal Appeals has explained that "[u]nder Article 64.03, a defendant is not entitled to DNA testing unless he first shows . . . that identity was an issue in the case [and] that there is greater than a 50% chance that he would not have been convicted if DNA testing provided exculpatory results." *Prible v. State*, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008). This burden is met "if the record shows that exculpatory DNA test results, excluding the defendant as the donor of the material, would establish, by a preponderance of the evidence, that the defendant would not have been convicted." *Ex parte Gutierrez*, 337 S.W.3d 883, 899 (Tex. Crim. App. 2011).

Spurlock does not claim that his identity was an issue in the case, only that "the identity of the minor contributor is at issue." For the first time on appeal, Spurlock identifies the subject of his complaint. In his briefing, Spurlock clarifies that he seeks DNA testing of a towel that was

5

seized from Thomas' room, which was previously tested before trial. The test results conclusively established Spurlock as the major contributor of biological material contained on the towel. The towel also contained biological material of a female minor contributor. According to Spurlock's briefing, the "set of genetic markers correspond to genetic markers observed in the DNA profile of Joy Thomas." Therefore, both Spurlock and victim Thomas were included as possible contributors of the DNA obtained from the towel. Specifically, while the probability of someone else as the major contributor was "1 in 402 billion" among the Caucasian population group, "1 in 24.4 trillion" in the African-American group, and "1 in 6.48 trillion" in the Hispanic group, the probability of another female contributor was "1 in 13" for the Caucasian group, "1 in 9" in the African-American group, and "1 in 23" in the Hispanic group. Without any support in the record, Spurlock complains that "the record shows . . . that [Spurlock and his wife] . . . engaged in intercourse in the same bathroom when the residents were away from the main house and there was a high probability that if the towel in question was tested it would probably contain both their DNA."

The error-preservation requirements of Rule 33.1 of the Texas Rules of Appellate Procedure apply to motions for DNA testing. *Shannon v. State*, 116 S.W.3d 52, 55 (Tex. Crim. App. 2003); *Baranowski v. State*, 176 S.W.3d 671, 677 (Tex. App.—Texarkana 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1. Spurlock's specific complaint with respect to the towel, which included alleged facts outside of the record, was not presented to the trial court.

6

Finally, even if Spurlock's assertions were taken as true, and even if the towel was retested and contained biological material from which his wife could not be excluded as a contributor, the results of the test would not be exculpatory (certainly with respect to Alfred) and would not demonstrate that there was greater than a fifty percent chance that Spurlock would not have been convicted. *Prible*, 245 S.W.3d at 467–68. The bare assertion that another person's DNA might be found at the crime scene, without more, is not exculpatory evidence sufficient to find that a trial court erred in ordering DNA testing. *See Prible*, 245 S.W.3d at 470 ("without more, the presence of another [alleged perpetrator's] DNA at the crime scene would not constitute affirmative evidence of the appellant's innocence" requiring relief under Chapter 64); *Bell*, 90 S.W.3d at 306.

For the reasons stated above, we affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     August 22, 2011
Date Decided:       September 2, 2011

Do Not Publish

7