# NO. 12-12-00382-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALEX DALTON INGRAM,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Alex Dalton Ingram appeals from the trial court's order denying his motion for DNA testing. Appellant raises three issues on appeal. We affirm.

### BACKGROUND

Appellant was charged with murdering his daughter, Natalie Sheri Ingram. He pleaded *nolo contendere* and stipulated that on or about May 6, 1989, he intentionally and knowingly caused the death of Natalie by striking her head. Appellant was found guilty of his daughter's murder and sentenced to imprisonment for life.

Once in prison, Appellant began to doubt his guilt. He filed an appeal, and this court affirmed the trial court's judgment.[1] According to Appellant, he also filed two habeas corpus applications, but both were denied.

---

[1] *See generally **Ingram v. State***, No. 12-90-00343-CR (Tex. App.–Tyler Jan. 31, 1992, no writ) (not designated for publication).

He then filed a motion for DNA testing.[2]  In his motion, he sought authorization, not for testing his own DNA but for testing as to the cause of death of his daughter.  He believed that testing would demonstrate that sudden infant death syndrome contributed to or "may have actually caused" the death of his daughter.  On October 15, 2012, without appointing counsel for Appellant or conducting a hearing, the trial court denied Appellant's motion.  On November 7, 2012, Appellant timely filed a notice of appeal in this court.  The clerk of this court forwarded Appellant's notice of appeal to the trial court.  *See* TEX. R. APP. P. 25.2(c)(1).


## DNA TESTING

In his first issue, Appellant argues that the trial court abused its discretion when it denied his motion for DNA testing.   In his second issue, he contends that the trial court erred by failing to appoint counsel for him.   And in his third issue, he argues that the trial court erred by failing to conduct a hearing on his motion.

### Standard of Review and Applicable Law

In reviewing a trial court's denial of a motion for DNA testing, we utilize a bifurcated standard of review.  *See **Whitaker v. State***, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004).   We usually give "almost total deference" to the trial court's findings of historical fact and application of law to fact issues that turn on witness credibility and demeanor, but consider de novo all other application of law to fact questions.  ***Ex parte Gutierrez***, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011).

A convicted person may move for DNA testing of evidence containing biological material that was in the State's possession during trial (1) if that evidence was not previously subjected to DNA testing or (2) if it was previously tested, but can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results which are more accurate and probative than the results of the previous test.  TEX. CODE CRIM. PROC. ANN. art. 64.01(b) (West Supp. 2012).   To be entitled to the testing, the convicted person must also show that (1) the evidence is available for testing, (2) it has been subjected to a sufficient chain of custody to establish that it has not been altered in any material way, (3) identity was or is an issue in the case, and that (4) by a preponderance of the evidence, he would not have been convicted if exculpatory results had been

---

[2] TEX. CODE CRIM. PROC. ANN. arts. 64.01-.05 (West 2007 & West Supp. 2012).

2

obtained through DNA testing, and the request is not made to unreasonably delay the execution of sentence or administration of justice. *See id.* art. 64.03(a) (West Supp. 2012). A convicted person who pleaded guilty or *nolo contendere* or made a confession or similar admission in the case may submit a motion for DNA testing, and the trial court may not deny the motion solely on the basis of that plea, confession, or admission. *Id*. art. 64.03(b) (West Supp. 2012).

"The identity requirement in Chapter 64 relates to the issue of identity as it pertains to the DNA evidence." *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008). To be entitled to the testing, the convicted person must demonstrate that the DNA testing would determine the identity of the perpetrator or would exculpate the accused. *Id*.

An indigent convicted person filing a motion for DNA testing has a limited right to appointed counsel conditioned, in part, on the trial court's finding that reasonable grounds exist for the motion. TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2012). "Reasonable grounds are present when the facts stated in the request for counsel or otherwise known to the convicting court reasonably suggest that a 'valid' or 'viable' argument for testing can be made." *Ex parte Gutierrez*, 337 S.W.3d at 891.

A trial court is not required to conduct a hearing on a convicted person's motion for DNA testing. *Whitaker*, 160 S.W.3d at 8.

### Application

Appellant misunderstands the nature of DNA testing. In DNA testing, biological material is tested to determine the identity of the donor. In his motion for DNA testing, Appellant acknowledges that only he and his daughter were in the room when she died. Instead of using DNA testing to determine identity of either the perpetrator or of someone who would exculpate him, Appellant seeks to prove that his daughter's death was caused by sudden infant death syndrome rather than by his striking her head. DNA testing establishes identity. *See* TEX. CODE. CRIM. PROC. ANN. art. 64.03(a)(1)(B) (West Supp. 2012). It does not establish cause of death. *See id*. Thus, Appellant's motion for DNA testing is deficient in that it failed to establish that identity was or is at issue. *See Prible*, 245 S.W.3d at 470. For the same reason, he failed to establish reasonable grounds for the motion, and therefore was not entitled to appointed counsel. *See Ex parte Gutierrez*, 337 S.W.3d at 891. Finally, he was not entitled to a hearing on his motion. *See Whitaker*, 160 S.W.3d at 8. We overrule Ingram's first, second, and third issues.

## DISPOSITION

Having overruled Ingram's first, second, and third issues, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

**NO. 12-12-00382-CR**

**ALEX DALTON INGRAM,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 7-89-284)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*