

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP–75,519

**RONALD JEFFERY PRIBLE, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S APPEAL FROM DENIAL OF MOTION
## FOR POST CONVICTION DNA TESTING

**MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. HOLCOMB, J., concurred.**

## O P I N I O N

Appellant was convicted of capital murder and sentenced to death. We affirmed his conviction and sentence on appeal. *Prible v. State*, 175 S.W.3d 724 (Tex. Crim. App. 2005). Although the original DNA testing determined that the likelihood that the DNA in the victim's mouth belonged to someone other than Appellant was 1 in 26 billion, Appellant filed a motion for DNA testing under Texas Code of Criminal Procedure Chapter 64, which was denied by the trial court. The trial court entered findings of fact,

including that Appellant failed to show that identity was an issue and he failed to show by a preponderance of the evidence that he would not have been convicted if exculpatory DNA results were obtained. Appellant appeals the denial of his motion for post-conviction DNA testing. *See* Code of Criminal Procedure Article 64.05.

Appellant argues that Chapter 64 of the Code of Criminal Procedure violates the due-process rights of appellants who seek to have DNA evidence from a crime scene tested for the presence of a third party's DNA. Appellant says he contended all along that someone else committed the murders, so the possibility that there is DNA evidence from a third party is crucial to his case. The Chapter 64 requirement that the case raise an issue of identity violates his due-process rights because it prevents him from introducing evidence that someone else committed the crime.

At the hearing on the motion for DNA testing, Appellant pointed out that the Supreme Court had recently held that a state cannot enforce a statute that prevents a defendant in a criminal trial from introducing evidence to prove that someone else committed the offense. *See Holmes v. South Carolina*, 547 U.S. 319 (2006). He argued that, in the situation of post-conviction DNA testing, the state cannot restrict the grounds to exclude testing for the DNA of a third party and therefore Texas law unfairly discriminates against a defendant who wants to show that someone else committed the offense. According to Appellant, the identity issue is satisfied because Appellant pled not guilty and the statute does not say that the identity issue must pertain to the DNA. The

State responded that identity must be raised by the DNA since that is what is covered by Chapter 64. And, in this case, the issue of identity is not resolved by the DNA because Appellant said that his DNA was found in the mouth of the victim due to a consensual sexual encounter they had the night of the murder.

## ANALYSIS

Under Article 64.03, a defendant is not entitled to DNA testing unless he first shows that unaltered evidence is available for testing; that identity was an issue in the case; that there is greater than a 50% chance that he would not have been convicted if DNA testing provided exculpatory results; and that the request is not to delay the execution of the sentence. *See* Code of Criminal Procedure Article 64.03(a).[1]

In the case relied upon by Appellant, *Holmes v. South Carolina*, 547 U.S. 319, the Supreme Court considered a state evidence rule that prohibited the admission of evidence of third-party guilt at a criminal trial if the state had presented forensic evidence that

---

[1]Article 64.03(a) states that:
(a) A convicting court may order forensic DNA testing under this chapter only if:
    (1) the court finds that:
     (A) the evidence:
        (i) still exists and is in a condition making DNA testing possible; and
        (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
     (B) identity was or is an issue in the case; and
    (2) the convicted person establishes by a preponderance of the evidence that:
     (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
     (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

strongly supported a guilty verdict. The South Carolina appellate court in *Holmes* upheld

the trial court's decision to not allow the defendant to enter evidence relating to a third

party, holding that where there is strong evidence of an appellant's guilt, especially when

it is strong forensic evidence, evidence of a third party's alleged guilt does not raise a

reasonable inference as to the appellant's own innocence. *Id.* at 324. The Supreme Court

disagreed with this reasoning and stated that:

> Under this rule, the trial judge does not focus on the probative value or the potential adverse effects of admitting the defense evidence of third-party guilt. Instead, the critical inquiry concerns the strength of the prosecution's case: If the prosecution's case is strong enough, the evidence of third-party guilt is excluded even if that evidence, if viewed independently, would have great probative value and even if it would not pose an undue risk of harassment, prejudice, or confusion of the issues.
>
> Furthermore, as applied in this case, the South Carolina Supreme Court's rule seems to call for little, if any, examination of the credibility of the prosecution's witnesses or the reliability of its evidence. Here, for example, the defense strenuously claimed that the prosecution's forensic evidence was so unreliable (due to mishandling and a deliberate plot to frame petitioner) that the evidence should not have even been admitted. The South Carolina Supreme Court responded that these challenges did not entirely "eviscerate" the forensic evidence and that the defense challenges went to the weight and not to the admissibility of that evidence. Yet, in evaluating the prosecution's forensic evidence and deeming it to be "strong"--and thereby justifying exclusion of petitioner's third-party guilt evidence--the South Carolina Supreme Court made no mention of the defense challenges to the prosecution's evidence.
>
> Interpreted in this way, the rule applied by the State Supreme Court does not rationally serve the end that the *Gregory* rule and its analogues in other jurisdictions were designed to promote, *i.e.*, to focus the trial on the central issues by excluding evidence that has only a very weak logical connection to the central issues. The rule applied in this case appears to be based on the following logic: Where (1) it is clear that only one person was involved

in the commission of a particular crime and (2) there is strong evidence that the defendant was the perpetrator, it follows that evidence of third-party guilt must be weak. But this logic depends on an accurate evaluation of the prosecution's proof, and the true strength of the prosecution's proof cannot be assessed without considering challenges to the reliability of the prosecution's evidence. Just because the prosecution's evidence, *if credited*, would provide strong support for a guilty verdict, it does not follow that evidence of third-party guilt has only a weak logical connection to the central issues in the case. And where the credibility of the prosecution's witnesses or the reliability of its evidence is not conceded, the strength of the prosecution's case cannot be assessed without making the sort of factual findings that have traditionally been reserved for the trier of fact and that the South Carolina courts did not purport to make in this case.

\*　　\*　　\*

[T]he rule is "arbitrary" in the sense that it does not rationally serve the end that the *Gregory* rule and other similar third-party guilt rules were designed to further. Nor has the State identified any other legitimate end that the rule serves. It follows that the rule applied in this case by the State Supreme Court violates a criminal defendant's right to have "a meaningful opportunity to present a complete defense."

*Holmes*, 547 U.S. at 329-331 (citations omitted). The *Gregory* rule discussed in *Holmes* said that evidence offered by a defendant as to the commission of the crime by another person is admissible if it raises a reasonable inference or presumption as to the defendant's innocence and is limited to facts that are inconsistent with his own guilt, but it is not admissible if it merely casts a bare suspicion upon another or raises a conjectural inference as to the commission of the crime by another. However, the Supreme Court determined that the trial court had improperly extended this rule. The Court held that defense evidence of third-party guilt cannot be excluded based solely on the strength of the prosecution's case because to do so would deny the defendant the constitutional right to a meaningful opportunity to present a complete defense. Appellant argues that the

requirements for testing under Chapter 64 present the same bar to his presentation of evidence of third-party guilt.

The distinguishing factor in the case before us is that the issue in *Holmes* relates to a defendant's right to present a complete and meaningful defense at trial, including evidence of third-party guilt, whereas this case involves Chapter 64 claims that arise long after the defendant has presented his defense evidence in a fair trial.[2] There is no constitutional right to post-conviction DNA testing in order to determine the presence of a third-party's DNA. Because the holding in *Holmes* is based on state rules that prohibit the admission of third-party evidence at a criminal trial, it does not relate to our Chapter 64 motions for DNA testing. Additionally, Chapter 64 does not exclude all evidence of third-party guilt. Rather, the statute proscribes testing if additional DNA testing would not result in exculpatory evidence that would have altered the outcome of the trial. *See* Code of Criminal Procedure Article 64.03(a). If, regardless of the results, retesting would not show by a preponderance of the evidence that Appellant would not have been convicted, then there is no reason for the court to order the DNA testing. There is nothing unreasonable or unjust with the way Chapter 64 deals with requests for DNA testing.

Evidence of a another person's DNA in addition to Appellant's is not exculpatory

---

[2]Because Appellant has not alleged that a constitutional violation occurred at his trial, his is a *Herrera*-type claim. *See Herrera v. Collins*, 506 U.S. 390 (1993).

evidence in this case due to the additional evidence presented at the trial.[3] Thus, even if the evidence was retested and determined to contain another person's DNA in addition to Appellant's DNA, it would not establish by preponderance of the evidence that Appellant would not have been convicted if the jury had heard that DNA from a third-party was present.

In *Bell v. State*, 90 S.W.3d 301 (Tex. Crim. App. 2002), we considered a claim similar to Appellant's in which the appellant sought to demonstrate the possibility of his innocence by proving that someone else's DNA was at the scene of the crime. We determined in *Bell* that, without more, the presence of another person's DNA at the crime scene would not constitute affirmative evidence of the appellant's innocence and therefore, the denial of DNA testing did not violate the appellant's due-process rights. *Id*. at 306. The same is true here, and the Supreme Court's holding in *Holmes* does not change the outcome in cases such as this.

Finally, we reject Appellant's argument that the Article 64.03(a)(1)(B) requirement that identity be an issue in the case is satisfied simply because he pled not guilty and claimed throughout the trial that someone else committed the murders. Under Article 64.03(b), a determination that identity was an issue in the case is not precluded based solely on a guilty or nolo contendere plea. Using the same reasoning, the issue of identity as it pertains to Chapter 64 is not raised solely by a plea of not guilty. The identity

---

[3]See our opinion on direct appeal for a detailed summary of the evidence presented at trial. *Prible v. State*, 175 S.W.3d at 726-29.

requirement in Chapter 64 relates to the issue of identity as it pertains to the DNA evidence. Therefore, if DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused, then the requirement of Article 64.03(a)(2)(A) has not been met.

## CONCLUSION

We agree with the findings of the trial court and hold that Appellant's due-process rights are not violated by the requirements of Chapter 64. Appellant's point of error is overruled, and the decision of the trial court to deny Appellant's motion for post conviction DNA testing is affirmed.

Meyers, J.

Delivered: February 13, 2008

Publish