# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00099-CR

**In re Dwight Crayton**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 914120, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**

**M E M O R A N D U M   O P I N I O N**

Dwight Crayton appeals the district court's order denying his pro se subsequent motion for forensic DNA testing and appointment of counsel. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2008). We affirm the order.

In 1992, Crayton was convicted for aggravated robbery and sentenced to seventy-five years in prison. The conviction was affirmed on appeal. *Crayton v. State*, No. 03-92-00341-CR (Tex. App.—Austin June 2, 1993, pet. ref'd) (not designated for publication). In September 2001, Crayton filed a pro se motion for DNA testing and appointment of counsel. Counsel was appointed in November 2002. The testing motion was denied in August 2006. There was no appeal. The present motion was filed on November 27, 2007, and refiled on December 6, 2007. The motion was denied on February 2, 2009, and this appeal followed.

John Fisher, the assistant manager of an Austin convenience store, was robbed on July 2 and 16, 1991. Fisher did not get a good look at the robber on July 2, but he believed that the

same man robbed him on July 16. On July 18, 1991, Crayton entered the store. Fisher recognized him as the robber, wrote down his automobile license plate number, and reported this information to the police. The following day, Fisher identified Crayton in a photo lineup as the man who robbed him on July 16, the offense for which Crayton was tried and convicted. At trial, defense counsel maintained that this was a case of mistaken identification. Counsel used the discrepancies in the descriptions Fisher gave to the police after the two robberies to challenge the accuracy of Fisher's identification of Crayton. On appeal, this Court affirmed Crayton's conviction after overruling his challenge to the sufficiency of the evidence.

In his motion, Crayton sought forensic DNA testing of a food stamp coupon and a plastic money tube. A copy of the police incident report attached to the motion reflects that the robber gave Fisher the food stamp to pay for a purchase before robbing him. During the robbery, Fisher gave the robber the money tube; the robber took the money and left the tube. Both items were collected by the police and unsuccessfully tested for latent fingerprints. In the motion and a supporting affidavit, Crayton urged that he is actually innocent and would not have been convicted had these items been tested for DNA and exculpatory results obtained. In its response to the motion, the State urged that DNA testing of the food stamp and money tube could not produce exculpatory results, and hence Crayton cannot satisfy the burden of showing by a preponderance of the evidence that he would not have been convicted had exculpatory results been obtained. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (West Supp. 2008). The district court denied the motion without making findings of fact or conclusions of law.

2

In his brief to this Court, Crayton stresses that his conviction rests solely on Fisher's identification testimony and urges that under the circumstances, there is a 51 percent chance that he would not have been convicted if DNA tests were exculpatory.[1] *See Smith v. State*, 165 S.W.3d 361, 363-64 (Tex. Crim. App. 2005) (discussing applicant's burden of proof). He does not, however, address the more fundamental question of whether DNA testing could produce exculpatory results. This is not a case in which there is biological evidence that could only have been left by the perpetrator. The food stamp coupon and the money tube are objects that are likely to have passed through many hands before the night of the robbery, and Crayton makes no showing to the contrary. At the same time, the mere touching of an object is not certain to leave testable biological material on the object, and Crayton does not allege that there are reasons to believe that the robber would necessarily have left biological evidence in this case. Under the circumstances, neither the presence of some other person's DNA nor the absence of Crayton's DNA on the food stamp coupon or the money tube would be exculpatory or establish by a preponderance of the evidence that Crayton would not have been convicted. *See Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008).

Crayton also contends that the trial court's order should be set aside and his testing motion should be granted because the State did not file its response within sixty days of receiving

---

[1] On March 20, 2009, the Court received Crayton's pro se "response to State's February 2nd 2009, opposition to his subsequent motion for DNA testing and appointment of counsel." Because it addressed the merits of his testing motion and the State's response, this document was filed as Crayton's brief on appeal on July 24, 2009. On that same day, Crayton signed and mailed a motion for extension of time to file a brief, which was received by the Court on July 27. Because a brief had been filed, the Court took no action on this motion. The State filed its brief on August 24, 2009. Crayton subsequently filed a motion opposing the filing of the State's brief, but he has not objected to the Court's decision to file his March "response" as his brief on appeal.

the motion. *See* Tex. Code Crim. Proc. Ann. art. 64.02(a)(2) (West Supp. 2008). However, the trial court may act on a testing motion with or without a response from the State, and the State's failure to respond creates no presumptions in favor of the applicant. *Id*. art. 64.02(b); *Whitaker v. State*, 160 S.W.3d 5, 9 (Tex. Crim. App. 2004). The timeliness of the State's response does not affect the validity of the court's order.

With regard to his request for appointed counsel, Crayton contends that the trial court erred by acting under article 64.01(c) as amended in 2003 and currently in effect, which conditions the obligation to appoint counsel on the court finding reasonable grounds for a testing motion to be filed. Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2008). Crayton does not explain why this statute should not apply to his request for counsel filed in November 2007.

This Court has written that reasonable grounds for a testing motion to be filed are present when the facts stated in the request for counsel or otherwise known to the court reasonably suggest that a plausible argument for testing can be made. *In re Franklin*, No. 03-07-00563-CR, 2008 Tex. App. LEXIS 4545, at *7 (Tex. App.—Austin June 19, 2008, no pet.) (mem. op., not designated for publication). Conversely, reasonable grounds are not present if the record shows that DNA testing is impossible or that no viable argument for testing can be made. *Id*. As we have already discussed, under the facts alleged by Crayton and shown by the record, DNA testing could not produce exculpatory results in this case. The trial court did not abuse its discretion by declining to appoint counsel.

The district court's order denying Crayton's pro se subsequent motion for forensic DNA testing and appointment of counsel is affirmed.[2]

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   October 27, 2009

Do Not Publish

_____

[2] All pending motions are overruled.