02-10-562-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00562-CR

 

 


 
 
 Javier Gonzalez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

In a
single point, Appellant Javier Gonzalez appeals the denial of his post-conviction
request for forensic DNA testing.  We will affirm.

II.  Factual
and Procedural Background

          On
May 4, 2001, Gonzalez entered an open plea of guilty to aggravated sexual
assault of a child under fourteen years of age, and the trial court assessed his
punishment at thirty-five years’ imprisonment.  On August 15, 2002, this court
affirmed his conviction.  See Gonzalez v. State, No. 02-01-00216-CR, slip
op. at 5 (Tex. App.—Fort Worth Aug. 15, 2002, pet. struck) (mem. op, not
designated for publication).

          On
May 16, 2005, Gonzalez filed a motion for appointment of counsel for DNA testing. 
An attorney was appointed to represent Gonzalez, and Gonzalez filed his request
for DNA testing on October 8, 2010.  The State filed a response and proposed
findings of fact and conclusions of law.  On November 29, 2010, without a
hearing, the trial court adopted the State’s proposed findings and conclusions
and denied Gonzalez’s request for DNA testing.  The findings of fact state:

Facts of the Case

 

4.           
Defendant
sexually assaulted nine-year-old C.P. (“the child victim”) on or about October
22, 2000 by penetrating her vagina with his finger, touching her genitals, and
exposing his genitals to her.  

 

5.           
The
victim’s mother, R.P. (“the victim’s mother”), witnessed Defendant expose his
genitals to the child victim on October 23, 2000.

 

6.           
After
the victim’s mother called the police, the child victim advised Officer
Castillo that Defendant attempted to put her had [sic] on his genitals that
morning and that Defendant put “his finger inside of [her] everyday.” 

 

7.           
A
sexual assault kit and vaginal swabs were taken from the child victim.

 

. . . .

 

Evidence Exists

 

10. Evidence exists that might contain
biological material.

 

11.        
The
vaginal swabs of the child victim, the sexual assault kit, and clothing are
currently in a condition making DNA testing possible.

 

Exculpatory
Results

 

12.        
There
is no evidence, or allegation, that finger penetration would leave biological
material sufficient for DNA testing.

 

13.        
The
absence of Defendant’s DNA in the sexual assault kit would not prove his
innocence because there is no evidence that finger penetration would leave
biological material sufficient for DNA testing.

 

14.        
Defendant
has failed to show that “there is a 51% chance that” he would not have been
convicted had exculpatory results been obtained through DNA testing of the
sexual assault kit.

 

15.        
The
absence of Defendant’s DNA in the vaginal swabs would not prove his innocence
because there is no evidence that finger penetration would leave biological
material sufficient for DNA testing.

 

16.        
Defendant
has failed to show that “there is a 51% chance that” he would not have been
convicted had exculpatory results been obtained through DNA testing of the vaginal
swab.

 

17.        
The
absence of Defendant’s DNA on the clothing would not prove his innocence
because there is no evidence that the perpetrator ejaculated while sexually
assault[ing] the victim.

 

18.        
Defendant
has failed to show that “there is a 51% chance that” he would not have been
convicted had exculpatory results been obtained through DNA testing of the bag
of clothing.

 

19.        
Defendant
has failed to show that “there is a 51% chance that” he would not have been
convicted had exculpatory results been obtained through DNA testing.

 

[Internal
citations omitted.]  The conclusions of law adopted by the trial court state
that Gonzalez “has failed to prove, by a preponderance of the evidence, that he
would not have been convicted had exculpatory results been obtained through DNA
testing of” the sexual assault kit, the vaginal swabs, and the bag of clothing,
and that Gonzalez “has failed to show that ‘there is a 51% chance that’ he
would not have been convicted had exculpatory results been obtained through DNA
testing.”  

III.  DNA Testing Under Chapter 64

The
trial court may order DNA testing only if statutory preconditions are met.  Bell
v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002); see Tex. Code
Crim. Proc. Ann. art. 64.03 (West Supp. 2010).  When, as here, the trial court
denies a motion for post-conviction DNA testing without conducting a hearing,
we review the ruling de novo.  See Smith v. State, 165 S.W.3d 361, 363
(Tex. Crim. App. 2005).

A
convicted person who moves for post-conviction DNA testing bears the burden of
satisfying the requirements of chapter 64 of the code of criminal procedure.  See
Wilson v. State, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006) (op. on reh’g). 
Under that chapter, a convicted person must establish “by a preponderance of the
evidence that . . . the person would not have been convicted if exculpatory
results had been obtained through DNA testing.”  Tex. Code Crim. Proc. Ann.
art. 64.03(a)(2)(A).  The court of criminal appeals has interpreted this phrase
to mean a “greater than a 50% chance that [the defendant] would not have been
convicted if DNA testing provided exculpatory results.”  Prible v. State,
245 S.W.3d 466, 467 (Tex. Crim. App.), cert. denied, 129 S. Ct. 54
(2008); see Smith, 165 S.W.3d at 364.  That showing has not been made if
exculpatory test results would “‘merely muddy the waters.’”  Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (quoting Kutzner v. State, 75
S.W.3d 427, 439 (Tex. Crim. App. 2002)).

IV.  No Error
in Denial of Motion for
DNA Testing

          Gonzales
was convicted of aggravated sexual assault by inserting his finger into the
female sexual organ of a child.  As the State points out, there is no evidence
that digital penetration would leave biological material sufficient for DNA
testing.  Thus, even if DNA testing of the sexual assault kit, the vaginal
swabs, or the bag of clothing revealed that the items do not contain Gonzalez’s
DNA, or contain another person’s DNA, DNA testing of these items would, at
best, “muddy the waters.”  Rivera, 89 S.W.3d at 59.  In other words,
Gonzalez has failed to establish that there is “greater than a 50% chance” that
he would not have been convicted if DNA testing provided exculpatory results.  Prible,
245 S.W.3d at 470; see Smith, 165 S.W.3d at 364; see also Tex. Code
Crim. Proc. Ann. art. 64.03(a)(2)(A).  Consequently, we overrule Gonzalez’s
sole point.

V.  Conclusion

          Having
overruled Gonzalez’s sole point, we affirm the trial court's order denying DNA
testing.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: August 18, 2011









[1]See Tex. R. App. P. 47.4.