**AFFIRM; Opinion Filed June 26, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-01165-CR**

_____

**GARY WAYNE WARNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F99-00096-I**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Moseley

Gary Wayne Warner, pro se, appeals an order denying his motions for post-conviction DNA testing and court-appointed counsel. Warner sought DNA testing on a knife obtained by law enforcement during its investigation of the underlying offense for which Warner was convicted. Warner also moved the court to appoint counsel for him for the DNA proceeding. The trial court denied the motion for DNA testing and did not rule on Warner's requests for court-appointed counsel. In four issues, Warner argues the trial court erred by determining he did not meet his burden under article 64.03 of the Texas Code of Criminal Procedure and by not appointing counsel at the trial court and on appeal.

The background and facts of the case are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's order.

Warner initially pleaded not guilty to charges of aggravated assault. However, after the complainant testified at trial, Warner changed his plea to guilty. The trial court assessed punishment at life in prison. This court affirmed his conviction. *Warner v. State*, No. 05-99-00308-CR, 2001 WL 92707 (Tex. App.—Dallas Feb. 5, 2001, no pet.). Subsequently, Warner filed a motion for post-conviction DNA testing. He moved for testing of the DNA located on the knife used in the assault.

The trial court denied his motion, but did not enter any findings. In its order, the trial court stated that "identity is not, and was not, an issue in this case. Warner was the victim's ex-boyfriend and the father of her child." The trial court concluded that "Warner has not established by a preponderance of the evidence that he would not have been convicted if exculpatory DNA test results had been obtained through DNA testing."

Warner also sought to have counsel appointed for the DNA proceedings. The record does not show the trial court ruled on Warner's request for court-appointed counsel.

In his first and second issues, Warner argues the trial court erred by concluding he did not meet his burden under article 64.03 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03 (West Supp. 2012). Warner asserts the trial court erred because he established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing of the knife.

A convicting court may order DNA testing under article 64 only if the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2); *Ex Parte Gutierrez*, 337 S.W.3d 883, 889, 899 (Tex. Crim. App. 2011). "Under Article 64.03, a defendant is not entitled to DNA testing unless he first shows . . . that identity was an issue in the case [and] that there is a greater than 50% chance that he would not have

been convicted if DNA testing provided exculpatory results. . ." *Prible v. State*, 245 S.W.3d 466, 467-68 (Tex. Crim. App. 2008). The defendant meets this burden "if the record shows that exculpatory DNA test results, excluding the defendant as the donor of the material, would establish, by a preponderance of the evidence, that the defendant would not have been convicted." *Gutierrez*, 337 S.W.3d at 899.

The only evidence Warner presented in support of his motion was his own affidavit. Warner averred: "The ultimate question in this case was whether I, Gary W. Warner [sic] committed the offense of aggravated assault with the use of [the knife]. There is a reasonable probability that it would show that I did not commit this offense with the use of said knife, if DNA forensic testing was done on the biological material." (record citations omitted).[1]

The conclusory statement in Warner's affidavit—that there is a reasonable probability that the DNA testing would show he did not commit the assault using the knife—does not show there is a greater than 50 percent chance that he would not have been convicted if the DNA testing he requests provided exculpatory results. *See Prible*, 245 S.W.3d at 467-68. Similarly, his statement that the ultimate question in the case was whether he committed the offense with the knife does not show that identity was an issue in the case. *See id.* Because the record before the trial court, and before us, is devoid of evidence indicating that Warner would not have been convicted if exculpatory results had been obtained through DNA testing and that identity was an issue in the case, we conclude Warner failed to meet his burden under article 64. Thus, the trial court did not err by denying Warner's motion for post-conviction DNA testing. We overrule Warner's first and second issues.

---

[1] In his motion, Warner argued: "There is a substantial likelihood that DNA testing on said knife, biological evidence would show that the defendant is not guilty of having used the said knife . . . to commit an assault offense, or any other charge during the same criminal episode and/or arrest." (record citation omitted).

In his third and fourth issues, Warner challenges the trial court's failure to appoint counsel at the trial court or on appeal. Article 64 grants a convicted person a limited right to appointed counsel when filing a motion for post-conviction DNA testing; the right is conditioned on the trial court's finding that there are reasonable grounds for filing the motion. TEX. CODE OF CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2012); *Gutierrez*, 337 S.W.3d at 889. Some basic requirements to establish "reasonable grounds" for testing include the biological evidence exists, the evidence is in a condition that can be tested, the identity of the perpetrator is or was an issue, and the defendant's case is the type of case in which exculpatory DNA results would make a difference. *Gutierrez*, 337 S.W.3d at 891. "Reasonable grounds are present when the facts stated in the request for counsel or otherwise known to the convicting court reasonably suggest that a "valid" or "viable" argument for testing can be made." *Id.*

As discussed above, Warner failed to show there is a greater than 50 percent chance that he would not have been convicted if the DNA testing he requests provided exculpatory results. There is no evidence that Warner's case is the type of case in which exculpatory DNA would make a difference, or that any valid or viable arguments for testing can be made. *See id.* Therefore, Warner did not demonstrate reasonable grounds for the motion to be filed and the trial court was not required to appoint counsel to represent him. We overrule Warner's third and fourth issues.

Having resolved each of Warner's issues, we affirm the trial court's order.

/Jim Moseley/

JIM MOSELEY
JUSTICE

Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47
121165F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GARY WAYNE WARNER, Appellant

No. 05-12-01165-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F99-00096-I.
Opinion delivered by Justice Moseley.
Justices Bridges and Lang-Miers
participating.

Based on the Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered this 26th day of June, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE