# NO. 12-12-00371-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRANDON JAYVORIS MAYFIELD,* *APPELLANT* | § | *APPEAL FROM THE 188TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

### MEMORANDUM OPINION

Brandon J. Mayfield appeals from an order denying his postconviction motion for forensic testing of the evidence. We affirm.

### BACKGROUND

Appellant was convicted of murder in Gregg County, Texas, for the 2006 slaying of Pedro Santos. This court affirmed his conviction on direct appeal, and the court of criminal appeals refused Appellant's petition for discretionary review.[1]

As we noted in our opinion, the accounts of the events preceding Santos's death diverged. According to Santos's wife, Appellant and another man came to their home late one evening. She stated one of the men had a gun and that he beat Santos with the gun. He stopped beating him when the gun discharged and he was struck by the bullet.[2] Appellant conceded that he was shot during the encounter, but he denied that he was the person who hit Santos with the gun. Instead, he testified that

---

[1] *Mayfield v. State*, No. 12-07-00266-CR, 2008 Tex. App. LEXIS 9349 (Tex. App.–Tyler Dec. 17, 2008, pet. ref'd) (mem. op., not designated for publication).

[2] *Id*. 2008 Tex. App. LEXIS 9349, at *1-3.

he was merely nearby as another individual and Santos fought over the gun and that he was shot when he attempted to stop the fight and recover his gun. Santos died from injuries sustained during the beating.

In his postconviction motion for forensic testing, Appellant asserted that there was blood present on a belt, a shoe, and a sock, and that the blood on these items was not identified. Appellant postulated that the victim's blood would have been on his clothing if he had struck the victim with the pistol. He contended that the blood on his clothing was his own and that the results of forensic testing would prove that fact and, therefore, demonstrate that he did not beat Santos. Finally, he argues that fingerprint testing on the barrel of the gun would "definitively prove" that he was not "in control of the weapon at any time," and the gunshot residue testing would show that a "co-defendant fired the weapon, not [Appellant]."

The trial court overruled Appellant's motion for forensic testing. This appeal followed.

### FORENSIC DNA TESTING

In his sole issue, Appellant argues that the trial court erred in overruling his postconviction motion for DNA testing.

**Applicable Law and Standard of Review**

Texas law provides that a court may order forensic DNA testing after a person has been found guilty in certain circumstances. Specifically, the evidence must exist, the evidence must be testable and subject to a chain of custody, identity must have been an issue in the case, the convicted person must establish by a preponderance of the evidence that he "would not have been convicted if exculpatory results had been obtained through DNA testing," and the request must not have been made to delay either the execution of the sentence or the administration of justice. *See* TEX. CODE CRIM PROC. ANN. art. 64.03(a) (West Supp. 2012). When reviewing a trial court's Chapter 64 rulings, we give almost total deference to the court's findings of historical fact and application of law to fact issues that turn on witness credibility and demeanor, but we consider de novo legal issues or fact issues that do not turn on the credibility or demeanor of witnesses. *See **Routier v. State***, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

**Analysis**

Appellant argues that identity was at issue in this matter and that the DNA testing would show

that he was not guilty. The identity requirement in Chapter 64 does not simply mean that a convicted person denies that he committed a crime. *See* ***Prible v. State***, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008). Instead, the question is whether the issue of identity can be resolved by forensic testing of DNA evidence. ***Id***. To be entitled to the testing, the convicted person must demonstrate that the DNA testing would determine the identity of the perpetrator or would exculpate him. ***Id***.

The lab report that was entered into evidence at trial records that there is "[p]ossible blood" on a belt, a left shoe, and one sock. Appellant asserts that if he had beaten Santos, his fingerprints would be on the barrel of the gun and Santos's blood would be on Appellant's clothing. There are several problems with this assertion. First, the trial court found that the gun has been destroyed. Appellant does not challenge that finding on appeal. Second, there is no testimony or evidence that supports the conclusion that Santos's blood would necessarily be on Appellant's clothing.

The issue is even more complicated because some witnesses testified that Appellant was wearing a white shirt that had blood on it, but that shirt was not retained. Appellant testified that he was wearing an athletic jersey, but the jersey did not have blood on it nor did it have a hole from the bullet that struck Appellant in the torso and, presumably, passed through whatever shirt he was wearing. Furthermore, Appellant testified that the other individual was striking Santos with the pistol when he, Appellant, tried to stop the assault. He was asked if he "stayed in [another area away from the melee] still, or are you in the middle of it?" He said, "Yes, sir, I tried to break it up. Once I reached for them, that's when the gun went off." Moments later, he was asked, "[Y]ou reached to break up the fight, and the gun went off; is that correct?" He responded, "Yes, sir." With respect to blood, Appellant was asked if he saw Pedro Santos bleeding. He said, "No, sir. The only one [sic] that was bleeding was me."

There was testimony at trial that there were quantities of blood in various parts of the dwelling including the bathroom, the walls of the common area, and the front porch. And there was testimony that the man who was shot, Appellant, was the man who beat Santos to death. But there was no evidence either at trial or with respect to Appellant's motion to suggest that the trial court erred when it concluded that Appellant failed to show that identity was at issue or that DNA testing could resolve an identity issue. Appellant admitted to being present for the assault. He admitted that he brought the gun to what he thought was a drug deal. And he admitted being close to the fight between the other man and Santos. His testimony establishes that he was guilty of the offense as a party. *See*

3

TEX. PENAL CODE ANN. § 7.02(b) (West 2011) (person responsible, in certain circumstances, for conduct of another if a conspirator commits a felony in the attempt to carry out a conspiracy to commit another felony).

The jury has passed on the question of Appellant's responsibility in this case. But even if the issue of who struck Santos with the gun were important, Appellant has not shown that a forensic test of available evidence could distinguish between a person who is shot while attempting to stop a beating–Appellant's version–and a person who is shot while beating a man to death. Appellant's own testimony places him in the immediate vicinity of the bleeding man. Whether his clothing does or does not have Santos's blood on it does not resolve any question as to the identity of the perpetrator. Therefore, the trial court properly overruled Appellant's motion because he failed to show that DNA testing would determine the identity of the person who committed the offense or would exculpate him. *See Prible*, 245 S.W.3d at 470.

Finally, Appellant briefly raises two other subissues. He asserts that the trial court should have ordered gunshot residue testing. The statute provides for forensic testing of biological material. *See* TEX. CODE CRIM PROC. ANN. art. 64.01(a)(1) (West Supp. 2012). The statute does not provide an avenue for testing of evidence that is not biological. *See Allen v. State*, No. 05-03-00918-CR, 2004 Tex. App. LEXIS 6772, at *4 (Tex. App.–Dallas July 27, 2004, pet. ref'd) (mem. op., not designated for publication) (rejecting claim where convicted person did not request testing of biological material). Finally, Appellant asserts that he is entitled to testing because he requested testing prior to trial and because that testing was not done. The pretrial motion filed in this case was a customary discovery request to inspect the physical evidence. It was not denied, so far as we can tell, and the statutory right to postconviction forensic testing is not dependent on a pretrial motion. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

### BRIAN HOYLE
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 31, 2013**

**NO. 12-12-00371-CR**

**BRANDON JAYVORIS MAYFIELD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 188th Judicial District Court

of Gregg County, Texas. (Tr.Ct.No. 35,046-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*