**Opinion filed August 6, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-14-00038-CR

_____

## DONALD LEE LAMPKIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 238th District Court
### Midland County, Texas
### Trial Court Cause No. CR 12,051

## M E M O R A N D U M   O P I N I O N

The trial court found that the postconviction DNA test results for Donald Lee Lampkin failed to demonstrate a reasonable probability of his innocence in the face of other evidence sufficient to establish guilt. Appellant appeals the order of the trial court in a single issue and argues that the trial court erred because the results of the DNA test were such that he would not have been convicted. We affirm.

## I. *Background and Evidence at Hearing*

Appellant was convicted in 1984, after he pleaded guilty, for burglary of a habitation with the intent to commit sexual assault. In 2011, Appellant applied for postconviction DNA testing, which the trial court granted after the State located evidence to test in the victim's panties. The results of the DNA test excluded Appellant as a contributor to the DNA sample found in the victim's panties. The trial court held a hearing to determine whether a reasonable probability existed that Appellant would not have been convicted had the results of the DNA test been available at the trial of the offense.

The State submitted, as evidence, the information, judgment of conviction, affidavits from the victim, and affidavits of different employees of Midland County. In the victim's affidavits, she stated that she awoke in her apartment to a nude black male standing by her bed. The man "was playing with his penis trying to get an erection." The man forced the victim's "panties down and tried [to] put his penis in [her] vagina. However, he was unable to get an erection." The victim did not know if the man "had a climax." The man spoke to the victim, and she recognized his voice as her neighbor based on several previous experiences with him. After the assault, the victim "dressed quickly," but she did not remember if she "put on the panties he took off [her] or put on another pair" before she went to her mother's house and contacted the police. The victim stated that, six to eight hours prior to the assault, she had engaged in sexual intercourse with her boyfriend. The trial court found, in light of other evidence sufficient to establish guilt, that the results of the DNA test failed to demonstrate a reasonable probability of innocence.

## II. *Standard of Review*

We conduct a bifurcated review as articulated in *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We defer to the rulings of the trial court on questions of historical fact and

on application of law to fact questions that turn on credibility and demeanor. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 64.04 (West 2006). We review, under a de novo standard, the rulings of the trial court on application of law to fact questions that do not turn on credibility and demeanor. *Rivera*, 89 S.W.3d at 59; *see* CRIM. PROC. art. 64.04. The ultimate question of whether a reasonable probability exists that the person would not have been convicted had the DNA test results been available at trial is a question of law that we review de novo. *Rivera*, 89 S.W.3d at 59; *see* CRIM. PROC. art. 64.04.

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *accord Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability does not exist when other sufficient evidence establishes guilt. *See Rivera*, 89 S.W.3d at 60. Similarly, the absence of a defendant's DNA at a crime scene, without more, does not constitute evidence of innocence. *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008) (citing *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002)); *Rivera*, 89 S.W.3d at 60 ("While the presence of . . . DNA . . . could indicate guilt, the absence of such DNA would not indicate innocence."). A trial court does not err by finding DNA test results unfavorable if the test results fail to demonstrate a reasonable probability of innocence. *See Rivera*, 89 S.W.3d at 60–61.

## III. *Analysis*

Appellant argues that, if the DNA test results that excluded him as a contributor of the DNA found in the victim's panties had been available at trial, he would not have pleaded guilty and would not have been convicted by a jury. Appellant contends that the trial court, therefore, erred when it made an unfavorable finding in its order.

The victim stated that she recognized her attacker's voice as her neighbor's voice because of several previous interactions with him. The victim said that her attacker did not have an erection and that she was unsure whether he "had a climax." The victim also stated she had had sexual intercourse with her boyfriend six to eight hours prior to the assault. A DNA sample was taken from the victim's panties, and the results excluded Appellant as a contributor. However, the absence of Appellant's DNA, with nothing more, does not indicate a reasonable probability of innocence in light of all the evidence available to the trial court. *See Prible*, 245 S.W.3d at 470; *Rivera*, 89 S.W.3d at 60. The trial court did not err when it found the DNA test results to be unfavorable to Appellant. *See Rivera*, 89 S.W.3d at 60–61. Appellant's sole issue on appeal is overruled.

IV. *This Court's Ruling*

We affirm the order of the trial court.

MIKE WILLSON

JUSTICE

August 6, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4
