ACCEPTED
07-16-00448-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/19/2017 4:10 PM
Vivian Long, Clerk

NO. 07-16-00448-CR

STATE WAIVES
ORAL ARGUMENT
FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/19/2017 4:10:25 PM
VIVIAN LONG
CLERK

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSEPH HERCULES NORTON,
                          APPELLANT,

VS.

THE STATE OF TEXAS,
                          APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 69TH      DISTRICT COURT
CAUSE NO. 766
SHERMAN COUNTY, TEXAS
HONORABLE RON ENNS, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE'S BRIEF

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KENT BIRDSONG
OLDHAM COUNTY ATTORNEY
SPECIAL PROSECUTOR
P.O. Box 698
VEGA, TEXAS 79062
(806) 267-2233
SBN 02333630
Kent.Birdsong@oldham-county.org

ATTORNEY FOR THE STATE

i

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS……………………………………………………1

LIST OF AUTHORITIES……………………………………………....  2

THE CASE IN BRIEF……………………………………………....…3

STATEMENT OF THE CASE……………………………………….…4

STATE'S RESPONSIVE  POINT    ……………………………………  5

    (ADDRESSED TO APPELLANT'S SOLE "ISSUE PRESENTED")

        The trial court did not err in limiting DNA testing to the jeans appellant was wearing upon his arrest and the victim's blood.

FACT STATEMENT  ……………………………………………            6

SUMMARY OF THE STATE'S ARGUMENT……………………            7

RESPONSIVE POINT  RESTATED………………………………            8

CONCLUSION AND PRAYER……………………………………            11

CERTIFICATE OF SERVICE……………………………………            12

CERTIFICATE OF COMPLIANCE………………………………            12

# LIST OF AUTHORITIES

Page

Cases

*Birdwell v. State***,** 276 S.W.3d 642, 644 (Tex.App. - - Waco 2008, pet. ref'd) ........ 9

*Jacobs v. State*, 294 S.W.3d 192, 197 (Tex.App. - - Texarkana 2009, pet. ref'd)   10

*Prible v. State*, 245 S.W.3d 466, 469-70 (Tex.Crim.App. 2008), *cert. denied,* 555U.S. 833, 129 S.Ct. 54, 172 L.Ed.2d 55 (1988)   ............................................. 10

*Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002)   ..................................... 9


Statutes

Tex. Code Crim. Proc. Ann. Art.  64.03(West Supp. 2016)...............................9, 10

NO. 07-16-00448-CR

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSEPH HERCULES NORTON,
Appellant,

VS.
THE STATE OF TEXAS,
Appellee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the State of Texas, appellee in the above entitled and numbered appeal, by and through its Oldham County Attorney and Special Prosecutor Kent Birdsong, and submits its brief in response to the brief of appellant Joseph Hercules Norton. Appellant complains of the trial court's order denying DNA testing of various items appellant wants tested.

## STATEMENT OF THE CASE

Appellant is serving a life prison sentence under a 1994 capital murder conviction. *CR: 7.* He filed motions in the trial court for DNA testing of certain designated items, pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *CR: 37, 61.* This appeal is from the trial court's order denying appellant's request for DNA testing on items other than the two on which the court did order DNA testing. *Supp. CR: 6.* Appellant timely, on December 8, 2016 filed a notice of appeal. *CR: 78.*

## STATE'S RESPONSIVE POINT
## (ADDRESSED TO APPELLANT'S SOLE "ISSUE PRESENTED")

The trial court did not err in limiting DNA testing to the jeans appellant was wearing upon his arrest and the victim's blood.

**FACT STATEMENT**

On April 16, 1993, Texas Department of Public Safety Trooper Steve Booth was fatally shot. *CR: 2.* After a July, 1994 trial, appellant was convicted of capital murder and sentenced to life imprisonment. *CR: 7.* Appellant filed a motion, and later an amended motion, for DNA testing of various items, including the victim's undershorts and body armor and syringes found across the street from the shooting. *CR: 37, 61,* The trial court on July 17, 2014 ordered the State to deliver evidence in its possession to the court. *CR: 73.* At a December 16, 2015 hearing, the court ordered DNA testing on the appellant's jeans recovered from him upon arrest and three vials of the victim's known blood. The court reserved ruling on testing the additional items appellant asked be tested, pending the results of the testing the court did order. *CR: 74; RR2: 11; RR3: 5.*

After the results of the DNA testing had been returned to the court, a hearing was had November 1, 2016. The court announced that the test results were unfavorable to appellant; the court denied any additional testing. *RR3: 7.* In its written order, the court noted that, had the results been available during appellant's trial, it is not reasonably probable appellant would not have been convicted. *Supp. CR: 6.*

## SUMMARY OF THE STATE'S ARGUMENT

The DNA testing the court ordered was not favorable to appellant: the blood on appellant's jeans was that of the victim. Even if the items at the murder scene appellant wanted tested were shown to bear the DNA of another person, that would signify only that a third person was at the scene; such would not exonerate appellant. The trial court was authorized to deny appellant's request for additional testing; appellant has shown no basis for relief.

**RESPONSIVE POINT**
**(ADDRESSED TO APPELLANT'S SOLE "ISSUE**
**PRESENTED")(RESTATED)**

The trial court did not err in limiting DNA testing to the jeans appellant was wearing upon his arrest and the victim's blood.

### I.     Appellant's Complaint

His defensive theory was that he was not at the scene when the murder occurred, appellant points out. DNA testing of items from the murder scene he wanted tested, appellant says, may have shown a third person was there. Had evidence a third party was present been advanced, the jury may have come to a different verdict, appellant proposes. *Appellant's Brief*, p. 9.

### II.     Facts Bearing Specifically on Appellant's Complaint

At the December 16, 2015 hearing on appellant's motion for DNA testing, counsel acknowledged that DNA testing at a private laboratory is "very, very expensive;" the court had authorized any testing to be done at a private laboratory, rather than the DPS laboratory, since the victim was a DPS trooper. *RR2: 4.* Though wanting to champion appellant's desires, counsel acknowledged the logic in narrowing the items to be tested to those most relevant. *RR2: 6.* In that connection, counsel recognized that DNA testing on a number of the items appellant wanted tested would not have been helpful. *RR2: 6.* As indicated, the court ordered DNA

8

testing only as to appellant's jeans and the victim's blood; but, the court reserved a ruling respecting testing additional items, should the jeans and blood testing be inconclusive. *RR2: 8-9.*

### III. *Argument and Authority*

#### A. *Standard of Review*

In reviewing a trial court's ruling on DNA testing, the appellate court should apply a bifurcated standard. The reviewing court should afford almost total deference to the trial court's determination of issues of historical fact and application-of-law-to fact issues that turn on credibility and demeanor, and review *de novo* other application-of-law-to fact issues. *Birdwell v. State*, 276 S.W.3d 642, 644 (Tex.App. - - Waco 2008, pet. ref'd), *citing Rivera v. State,* 89 S.W.3d 55, 59 (Tex.Crim.App. 2002).

#### B. *The Trial Court Did Not Err in Limiting DNA Testing*

Under our criminal procedural code

..(a) a convicting court may order forensic DNA testing only if:

. . .

© identity was or is an issue in the case; and

> (2) the convicted person establishes by a preponderance of the evidence that
>
> (A) the person would not have been convicted if exculpatory 1988)results had been obtained through DNA testing.

Tex. Code Crim. Proc. Ann. Art. 64.03 ©(2)(A)(West Supp. 2016).

When substantial evidence links a defendant to the crime, evidence of a third party's DNA in addition to the defendant's is not exculpatory. In that circumstance, a defendant could not show by a preponderance of the evidence that he would not have been convicted had such additional testing occurred. *Prible v. State,* 245 S.W.3d 466, 469-70 (Tex.Crim.App. 2008), *cert. denied*, 555 U.S. 833, 129 S.Ct. 54, 172 L.Ed.2d 55 (1988); *Jacobs v. State*, 294 S.W.3d 192, 197 (Tex.App. - - Texarkana 2009, pet. ref'd).

Here, from the DNA testing the court ordered, the victim's blood was proven to be on appellant's jeans; eyewitness testimony and other evidence placed appellant at the murder scene. *RR2: 9; RR3: 6.* No showing has been made appellant probably would not have been convicted had DNA testing of the items he wanted tested occurred before his trial. No error can be seen in the trial court's order.

## CONCLUSION AND PRAYER

WHEREFORE, the State prays that the trial court's order denying additional DNA testing be affirmed.

Respectfully submitted,

KENT BIRDSONG
Oldham County Attorney
Special Prosecutor


__/s/ Kent Birdsong___

P.O. Box 698
Vega, Texas 79062
(806) 267-2233
SBN 02333630
(806) 379-2325
Kent.Birdsong@oldham-county.org

Attorney for the State

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June, 2017, a true copy of the foregoing State's brief was served on appellant 's attorney, Timothy D. Salley, at 625 E. 7th Street, Suite C, Dumas, Texas 79029 by depositing the same in the United States Mail, postage prepaid, and by email at tsalley53@gmail.com.

__/s/ Kent Birdsong_____

Oldham County Attorney
Special Prosecutor

**CERTIFICATE OF COMPLIANCE**

In accordance with Tex.R.App.P. 9.4 (i)(3), I hereby certify that the foregoing brief contains, as reflected in the computer program word count, 1,473 words. That count includes words in portions of the brief which, under the Rule, are excluded from the prescribed word limit. The brief is printed in 14-point typeface.

__/s/ Kent Birdsong___
Oldham County Attorney
Special Prosecutor
