**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00060-CR**
**NO. 09-21-00061-CR**
_____

**KEVIN KAMPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 16-26420, 16-26421**
_____

**MEMORANDUM OPINION**

In two cases on appeal, *pro se* appellant Kevin Kamper complains that the trial court erred by denying his *pro se* motions for post-conviction DNA testing and appointment of counsel pursuant to chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. arts. 64.01(c), 64.03. In both cases, we affirm the trial court's ruling denying Kamper's post-conviction motions for DNA testing and the appointment of counsel.

1

BACKGROUND

In trial cause numbers 16-26420 and 16-26421, a jury found Kamper guilty of aggravated sexual assault of a child, and both cases involved the same victim. This Court affirmed Kamper's convictions. *Kamper v. State*, No. 09-18-00267-CR, No. 09-18-00268-CR, 2019 WL 2195253, at *1 (Tex. App.—Beaumont May 14, 2019, pet. ref'd) (mem. op., not designated for publication). Subsequently, Kamper filed a motion for post-conviction DNA testing in each case requesting forensic DNA testing on the buccal swabs taken from him pre-trial, and Kamper indicated that the DNA results were presented in his trial. Kamper argued that there is a reasonable likelihood that the DNA buccal swabs contain biological material that will prove his innocence. The only evidence Kamper presented in support of his motion was his own affidavit. In his affidavit, Kamper averred that his DNA samples and samples from the child victim were tested by a forensic analyst. In each case, Kamper also filed a motion for appointment of counsel to assist him in obtaining an order for DNA testing.

The trial court denied Kamper's motion for DNA testing and appointment of counsel in each case, and in its order, the trial court found that the reporter's record from Kamper's trial reflects that (1) the forensic scientist compared the DNA results from the child victim's samples and Kamper's samples and found that no male DNA was in the swabs from the victim; (2) there was no semen or trace evidence present

2

in the underlying forensic evidence; and (3) the State's DNA evidence did not implicate Kamper in either of the underlying cases. The trial court further found that Kamper's motion did not explain in what manner any further DNA testing could be conducted that would result in the discovery of male DNA or semen on any of the swabs taken from the child victim, and Kamper did not request that the child victim's swabs be subjected to DNA testing using new testing techniques.

The trial court concluded that Kamper failed to meet his first threshold burden of pleading and proving that swabs taken from the child victim were not previously subjected to DNA testing, or that although previously tested, the swabs from the child victim can be subjected to DNA testing with newer techniques that provide a reasonable likelihood of more accurate or probative results than the previous results. The trial court further concluded that Kamper failed to meet his additional threshold burden to establish, by a preponderance of the evidence, that he would not have been convicted if exculpatory results had been obtained through additional DNA testing when the trial record demonstrates that there was no male DNA discovered on any of the biological swabs taken from the child victim.

Regarding Kamper's motion for appointment of counsel, the trial court found that Kamper had pleaded only conclusory assertions of facts and law and failed to present any credible documents, court records, or other items of proof with his motion for DNA testing. The trial court further found that since Kamper presented

3

no credible evidence demonstrating reasonable grounds exist for filing a motion for DNA testing, he was not entitled to the appointment of counsel. Kamper appealed.

ANALYSIS

In his sole issue on appeal in both cases, Kamper argues that the trial court erred in concluding that his request for court-appointed counsel failed to establish reasonable grounds under article 64.01(c) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c). Although Kamper does not complain the trial court erred in denying his motion for post-conviction DNA testing, we will also address that issue because the denial of his motion requesting DNA testing is intertwined with the denial of his motion for appointment of counsel. *See Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011).

When reviewing the trial court's chapter 64 rulings, we employ a bifurcated standard. *See Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017); *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We give almost total deference to the trial court's findings of historical fact and application of the law to facts which hinge on witnesses' credibility and demeanor. *See Reed*, 541 S.W.3d at 768; *Gutierrez*, 337 S.W.3d at 890. We consider all other application-of-law-to-fact questions *de novo*. *See Gutierrez*, 337 S.W.3d at 890. Since the trial court did not conduct a hearing or hear testimony from witnesses on the post-conviction DNA

4

motion, we will review the issue *de novo*. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

Under article 64.03, a convicted person is not entitled to DNA testing unless he can show that there is "greater than 50% chance that he would not have been convicted if DNA testing provided exculpatory results." *Prible v. State*, 245 S.W.3d 466, 467-68 (Tex. Crim. App. 2008); *see* Tex. Code. Crim. Proc. Ann. art. 64.03(a)(2)(A). A defendant meets this burden "if the record shows that exculpatory DNA test results, excluding the defendant as a donor of the material, would establish, by a preponderance of the evidence, that the defendant would not have been convicted." *Gutierrez*, 337 S.W.3d at 899. A motion to obtain post-conviction DNA testing must include an affidavit alleging facts showing that the test results will be so exonerating that he would not have been convicted had the results been available. *Dunning v. State*, 572 S.W.3d 685, 697 (Tex. Crim. App. 2019). The convicted person must also allege and prove that the biological material he seeks to have DNA tested was not previously tested, or that the biological material was previously tested and can be tested with newer techniques. *See* Tex. Code Crim. Proc. Ann. art. 64.01(b)(1), (2).

Chapter 64 grants a convicted person a limited right to appointed counsel when filing a motion for post-conviction DNA testing. *See id.* art. 64.01(c). To be entitled to appointed counsel, the convicted person must show "reasonable grounds"

5

exist for the filing of such motion. *Gutierrez*, 337 S.W.3d at 889-90. A convicted person is not required to prove he is entitled to testing as a precondition to having counsel appointed, but "whether 'reasonable grounds' exist for testing necessarily turns on what is required for testing." *Id.* at 891. There are no reasonable grounds to appoint counsel or justification for testing if an exculpatory result would not alter the likelihood the inmate would still have been convicted. *Id.* at 892. Some basic requirements to establish "reasonable grounds" for testing include that biological evidence exists, the evidence is in a condition that can be tested, the identity of the perpetrator is or was an issue, and the defendant's case is the type of case in which exculpatory DNA results would make a difference. *Id.* at 891. "Reasonable grounds are present when the facts stated in the request for counsel or otherwise known to the convicting court reasonably suggest that a "valid" or "viable" argument for testing can be made." *Id.*

In his motion for post-conviction DNA testing, Kamper requested forensic DNA testing on the buccal swabs previously taken from him and the swabs taken from the child victim. Kamper argued that the language in the trial court's order denying his motion shows that the trial court knew that facts existed that reasonably suggest a valid or viable argument for testing could be made. Specifically, Kamper points to the following language in the trial court's order:

> it is clear that the State's DNA evidence did not implicate movant in
> either of the underlying Aggravated Sexual Assault of a Child causes;

6

> but, the instant motion for forensic DNA testing does not explain in what manner any further DNA testing could be conducted that would result in the discovery of male DNA or semen on any of the swabs taken from the child-victim. . . . Additionally, the movant does not request that the child-victim's swabs be subjected to DNA testing using new tech[]niques.

According to Kamper, this language in the trial court's order forms reasonable grounds because it implied that had that been brought forth the convicting court would have considered that a "valid" and "viable" argument to meet the threshold burden.

The record shows that the swabs Kamper references have already been tested and that there was no male DNA in the swabs from the child victim or semen or trace evidence present in the underlying forensic evidence. There is no evidence that Kamper's case is the type in which exculpatory evidence would make a difference or that any valid or viable arguments for testing can be made, as the results of any further testing are unlikely to exonerate Kamper because the evidence from the child victim Kamper seeks to have retested contained no male DNA, and despite hearing testimony that the State's DNA evidence did not implicate Kamper in either of the underlying cases, the jury found Kamper guilty of both charges. *See id.* Since Kamper failed to demonstrate reasonable grounds for the motions to be filed, the trial court was not required to appoint counsel to represent him. *See id.* at 892; *Warner v. State*, No. 05-12-01165-CR, 2013 WL 3294878, at *2 (Tex. App.—Dallas June 26, 2013, pet. ref'd) (mem. op., not designated for publication). Accordingly,

7

in both cases we overrule Kamper's sole issue on appeal and affirm the trial court's rulings denying Kamper's post-conviction motions for DNA testing and the appointment of counsel in trial cause numbers 16-26420 and 16-26421.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on November 23, 2021
Opinion Delivered December 15, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.

8