

NUMBER 13-13-00227-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GILBERTO CHAVERO JR.,                                                 Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

### On appeal from the 93rd District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Perkes
### Memorandum Opinion by Justice Garza

Pro se appellant Gilberto Chavero Jr. appeals from two trial court orders:  (1) denying his request for appointed counsel to assist in filing a motion for post-conviction DNA testing; and (2) denying his motion for DNA testing under chapter 64 of the code of criminal procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 64.01–.05 (West 2006 &

Supp. 2013).[1]  By three issues, he contends the trial court erred in:  (1) not requiring the State to produce the evidence in question; (2) denying his motion for DNA testing; and (3) denying his request for the appointment of counsel.  We affirm.

## I. BACKGROUND

In 1997, a jury convicted appellant of capital murder—murder in the course of aggravated sexual assault—of Iris Yvette Hidalgo.  The trial court sentenced appellant to life imprisonment.  In 2001, this Court affirmed the conviction on direct appeal.  *See Chavero v. State*, 36 S.W.3d 688, 693 (Tex. App.—Corpus Christi 2001, no pet.).[2]  In November 2011, appellant filed a motion requesting the appointment of counsel to pursue a motion for DNA testing under article 64.01(c) of the code of criminal procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c).  The State filed a response to appellant's motion.  In February 2012, the trial court issued findings of fact and conclusions of law and denied appellant's motion.  The trial court concluded that appellant failed to show:  (1) that biological material exists which could be subjected to DNA testing; and (2) that he would not have been convicted based on the results of additional DNA testing.

In July 2012, appellant filed a motion for DNA testing of some crumpled paper towels collected from the victim's vehicle.  *See id.* art. 64.01(a-1), (b).  Again, the State filed a response to appellant's motion.  In March 2013, the trial court issued findings of fact and conclusions of law and denied appellant's motion.  The trial court again

---

[1] We note that the "appealable order" in a chapter 64 proceeding is the order denying DNA testing.  *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010).  A convicted person may appeal any alleged error in the trial court's refusal to appoint counsel in an appeal of the court's denial of a motion requesting DNA testing.  *Id.* at 323.

[2] For a recitation of the background facts surrounding the murder, see this Court's opinion.  *Chavero v. State*, 36 S.W.3d 688, 693 (Tex. App.—Corpus Christi 2001, no pet.).

concluded that appellant failed to show: (1) that biological material exists or (2) that he would not have been convicted based on the results of additional DNA testing.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In reviewing a trial court's chapter 64 rulings, we give "almost total deference" to the trial judge's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider de novo all other application-of-law-to-fact questions. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011). Here, because the issues presented do not turn on credibility, we review the issues de novo. *See id.*

An indigent convicted person who intends to file a motion for post-conviction DNA testing has a limited right to appointed counsel conditioned on the trial court's finding "that reasonable grounds exist for the filing of a motion." *Id.* at 889. "Before appointing an attorney, the trial judge needs 'reasonable grounds' to believe that (1) a favorable forensic test is a viable, fair and rational possibility, and (2) such a test could plausibly show that the inmate would not have been convicted." *Id.* at 892.

"Before ordering testing, the inmate must establish, by a preponderance of the evidence, 'probable cause' that he would not have been convicted if exculpatory DNA results are obtained." *Id.* Reasonable grounds for testing are not present if no biological evidence exists. *Id.* at 891. "A 'favorable' DNA test result must be the sort of evidence that would affirmatively cast doubt upon the validity of the inmate's conviction; otherwise, DNA testing would simply 'muddy the waters.'" *Id.* at 892. "[A] convicted person is not entitled to DNA testing unless he first shows that there is 'greater than a 50% chance that he would not have been convicted if DNA testing provided exculpatory

results[.]'" *Id.* at 899 (quoting *Prible v. State*, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008)).

## III. DISCUSSION

### A. The Evidence

By his first issue, appellant contends the trial court erred by not requiring the State to produce the crumpled paper towels for DNA testing. Appellant argues that the use of the word "shall" in article 64.02 is mandatory and required the State to produce the requested evidence. Article 64.02(a) provides:

> (a) On receipt of the motion, the convicting court shall:
>
> > (1) provide the attorney representing the state with a copy of the motion; and
> >
> > (2) require the attorney representing the state to take one of the following actions in response to the motion not later than the 60th day after the date the motion is served on the attorney representing the state:
> >
> > > (A) deliver the evidence to the court, along with a description of the condition of the evidence; or
> > >
> > > (B) explain in writing to the court why the state cannot deliver the evidence to the court.

TEX. CODE CRIM. PROC. ANN. art. 64.02 (West Supp. 2013); *see id.* art. 64.01(a–1).

The State argues that it complied with the statute by filing a written response explaining that the evidence requested by appellant did not contain biological evidence. The crumpled paper towels were collected from the side door compartment of the victim's vehicle. The vehicle, found on the roadside the morning after the murder, was some distance away from the murder scene. In his statement, appellant admitted he had sex with Hidalgo around 1:00 a.m. at the sewer plant, left her there, returned about

4

thirty minutes later, and found her body floating in the water. Appellant argued in his motion for DNA testing (and argues on appeal) that the likely murderer was Hidalgo's sometime boyfriend, Baudel Ortega. Appellant points to: (1) the trial testimony of a friend of Hidalgo that Ortega beat Hidalgo and forced her to have sex with him; and (2) Ortega's denial that he ever had sex with Hidalgo.

The State's response to appellant's motion included the following:

> Alejandro Madrigal, Jr. with the Texas Department of Public Safety Crime Laboratory in McAllen, Texas testified at trial that paper towels were found in the side door compartments of the victim's car, and a presumptive polylight test indicated there could be a possibility of semen stains on the paper towels. The paper towels were then forwarded to the laboratory in Austin, Texas.

> However, Michele Lockhoof, the lab technician with the Department of Public Safety, testified that she examined the paper towels using lumilight, an alternate light source, and she concluded that, in fact, no semen was detected. Consequently, the record does not indicate that biological material exists which could be subjected to forensic DNA testing.

We agree with the State that it complied with article 64.02(a) by explaining in writing that it could not deliver the biological evidence to the court because no such biological evidence existed. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01(a–1), 64.02(a)(2)(B). We conclude the trial court did not err in failing to require the State to produce the evidence in question. We overrule appellant's first issue.

## B. Denial of Motion for DNA Testing

By his second issue, appellant contends that the trial court erred in denying his motion for DNA testing. Appellant argues that "a favorable DNA result from the [paper] towels will corroborate the inference that the victim was murdered by her boyfriend in a jealous rage." Appellant cites *Routier v. State*, 273 S.W.3d 241, 259 (Tex. Crim. App.

5

2008), for the proposition that DNA evidence corroborating a defendant's version of events more likely than not would have caused a jury to harbor a reasonable doubt as to the defendant's guilt. *See id.* In *Routier*, the court of criminal appeals held that Routier was entitled to DNA testing of a blood stain on a tube sock found in an alley, blood stains from her night shirt, a facial hair and a pubic hair, and stains from a door leading to the garage, which could have corroborated her account that an unknown intruder entered her home and killed her children. *See id.*

The State responds that *Routier* is distinguishable because the DNA evidence in that case, if exculpatory, would have supported Routier's account that an unknown intruder killed her children. In the present case, even if DNA testing established the presence of Ortega's semen on the paper towels, such evidence merely would have impeached Ortega's credibility and would not have constituted evidence of appellant's innocence. We agree with the State. We conclude that such evidence, even if favorable to appellant, more likely than not would not have caused the jury to harbor a reasonable doubt as to appellant's guilt. *See id.*; *see also Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008) ("Therefore, if DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused, then the requirement of [article] 64.03(a)(2)(A) has not been met."); *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) ("The presence of another person's DNA at the crime scene will not, without more, constitute affirmative evidence of appellant's innocence."). We overrule appellant's second issue.

**B.     Request for Counsel**

By his third issue, appellant contends that the trial court erred in denying his request for the appointment of counsel. As noted, before appointing an attorney, a trial judge needs "reasonable grounds" to believe that (1) a favorable forensic test is a viable, fair and rational possibility, and (2) such a test could plausibly show that the inmate would not have been convicted. *Ex parte Gutierrez*, 337 S.W.3d at 892. Courts have found that reasonable grounds for testing are not present if no biological evidence exists. *Id.* at 891. Here, the trial court concluded that appellant failed to establish that any biological evidence exists. We agree. Accordingly, the trial court did not err in denying appellant's request for appointment of counsel. We overrule appellant's third issue.

## IV. CONCLUSION

We affirm the trial court's orders denying post-conviction DNA testing and appointment of counsel in connection therewith.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of January, 2014.