In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00027-CR
_____

JOSEPH GLENN GOODRICH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. 19098

MEMORANDUM OPINION

Joseph Glenn Goodrich appeals the trial court's order denying his motion for forensic DNA testing under article 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006). He raises one issue on appeal. We affirm.

**Background**

A jury convicted Goodrich of murder, and this Court affirmed his conviction on direct appeal. *See Goodrich v. State*, No. 09-10-00167-CR, 2011 WL 1417026

at *1, *5 (Tex. App.—Beaumont Apr. 13, 2011, pet. ref'd) (mem. op.). In overruling his legal and factual sufficiency challenges, we described the evidence from his trial as follows:

> The evidence proving Goodrich's guilt is largely circumstantial. The evidence before the jury established that Goodrich had purchased drugs from Bogany on several occasions before Bogany was murdered. Approximately ten days before the murder, Goodrich and Bogany argued about a drug deal, and Goodrich told a friend that he was going to shoot Bogany. On the day before and the day of the murder, phones available to Goodrich were used to place telephone calls to Bogany's cellular phone; on the day of the murder, Goodrich left a voicemail message requesting that Bogany call him. Although there were no witnesses who testified they saw the murder occur, or witnesses who saw Goodrich and Bogany together on the day of the murder, there was also additional circumstantial evidence that a meeting between Goodrich and Bogany occurred around the time and at the scene of the murder. Additionally, a ballistics expert testified that shells found at the scene of the murder had been fired from the same gun as a shell from a gun known to have been in Goodrich's possession prior to Bogany's murder. After the murder, upon being initially questioned by a Texas Ranger, Goodrich denied that he knew Bogany, and denied having ever purchased drugs from him. In a subsequent interview, Goodrich admitted that he knew Bogany and admitted that he had purchased drugs from him on more than one occasion.

*Id.* at *2.

Goodrich's motion for post-conviction DNA testing identified the following evidence to be tested: (1) four spent shell casings and three spent projectiles; (2) a photograph of a shoe print; (3) a plaster cast made from a tire impression; and (4) fingerprints lifted from Bogany's vehicle. No affidavit was made a part of

2

Goodrich's motion for post-conviction DNA testing. On December 10, 2013, the trial court denied Goodrich's motion by written order without a hearing. The trial court found that Goodrich did not establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing of the items identified in his motion. Goodrich filed a timely notice of appeal.

On the same day that Goodrich filed his notice of appeal in this case, Goodrich, acting pro se, filed a motion requesting the trial court to rescind its order denying his request for DNA testing. Goodrich's motion included an oath stating that he declared "under the penalty of perjury . . . that the facts stated herein are true and correct." Goodrich's motion was denied by operation of law.

**Denial of Forensic DNA Testing**

Generally, we review a trial court's decision on a motion for DNA testing under a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application of law to fact that turn on credibility and demeanor of witnesses. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We review de novo other issues of application-of-law-to-fact questions that do not turn on the credibility and demeanor of witnesses. *Id.*

3

Here, because the trial court did not conduct a live hearing, we review the trial court's denial of DNA testing de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

Article 64 of the Code of Criminal Procedure governs a convicted person's request for post-conviction forensic DNA testing and contains multiple threshold requirements that must be met before an applicant is entitled to such testing. *See e.g.* Tex. Code Crim. Proc. Ann. arts. 64.01 (West Supp. 2014) (requirements for convicted person's motion), 64.03 (West Supp. 2014) (requirements to be entitled to DNA testing). The convicted person bears the burden of satisfying all article 64 requirements. *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006).

A motion for post-conviction DNA testing may request testing of "evidence containing biological material." Tex. Code Crim. Proc. Ann. art. 64.01(a-1). As a threshold matter, therefore, the convicted person is required to show the evidence sought to be tested contains biological material. *Swearingen v. State*, 303 S.W.3d 728, 732 (Tex. Crim. App. 2010). Article 64 defines biological material in relevant part as:

> an item that is in possession of the state and that contains blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing[.]

Tex. Code Crim. Proc. Ann. art. 64.01(a)(1). On the motion of a convicted person, a court may order forensic DNA testing of biological evidence only if (1) the court finds that the evidence still exists, has been subjected to a sufficient chain of custody, and is in a condition making DNA testing possible; (2) the court finds that identity was or is an issue in the case; and (3) the convicted person establishes by a preponderance of the evidence that he or she would not have been convicted if exculpatory results had been obtained through DNA testing, and the request for testing is not made to unreasonably delay the execution of sentence or administration of justice. Tex. Code Crim. Proc. Ann. art. 64.03(a). The convicted person's motion must be accompanied by an affidavit containing facts in support of the motion. *Id*. at art. 64.01(a-1).

On appeal, Goodrich only complains about the trial court's denial of his motion for DNA testing on the fingerprints, palm print, and touch evidence found on Bogany's vehicle. Goodrich states that the Montgomery County Crime Laboratory processed Bogany's vehicle for latent prints and touch evidence. Goodrich contends that several latent prints not belonging to Bogany or to Goodrich were found on the vehicle and three of the prints were suitable for identification purposes. In his first motion for DNA testing, Goodrich requested

5

that the court "submit latent prints recovered by using conventional powder for DNA testing." He then contends in his motion,

> It is not known whether DNA testing can extract DNA from a latent print developed with conventional powder. It is not known when the latent prints developed using conventional powder were left in [the victim's] vehicle. It is not known whether the latent prints developed using conventional powder were left by any individual involved in the [murder of the victim].

In his motion to rescind the trial court's order denying the DNA testing, Goodrich reiterates that he is requesting "the finger/palm prints discovered by authorities be compared" to three suspects. He then contends that "investigating authorities concluded that, the shooter opened the victim's driver side door and shot the victim as he sat in his car." He concludes that "testing would more likely [than] not reveal who the actual person or persons responsible for the murder[.]"

As threshold matter, we note that Goodrich's motion for DNA testing does not meet the requirements of article 64.01 because Goodrich's motion was unaccompanied by an affidavit. *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1). However, Goodrich's motion to rescind the trial court's order denying DNA testing was accompanied by an unsworn declaration. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West Supp. 2014) (permitting an inmate to make an unsworn declaration in lieu of an affidavit, as long as the unsworn declaration meets the requirements set forth therein). Assuming without deciding that

6

Goodrich's unsworn declaration in his motion to rescind was sufficient to meet the requirements in section 132.001 and sufficient to meet the affidavit requirement in article 64.01, we conclude that Goodrich's motions still fail to meet the requirements of article 64 as discussed below.

Goodrich contends that fingerprints, palm prints, and touch evidence constitutes biological material under article 64. However, the record does not contain any concrete evidence that biological material existed in the fingerprints, palm prints, and touch evidence. In his motion for DNA testing, Goodrich acknowledged that it is not known whether DNA testing could extract DNA from a latent print developed with conventional powder. To the extent Goodrich is requesting DNA testing of biological material contained in the prints or touch evidence, Goodrich has failed to meet his threshold burden of showing such evidence actually exists. *See Swearingen*, 303 S.W.3d at 734 ("[I]n order to show evidence containing biological material, a movant must articulate more than mere assertions."). To the extent Goodrich is seeking the fingerprints and palm print evidence tested for purposes of obtaining a comparative analysis, such is not available through article 64. *See In re Morton*, 326 S.W.3d 634, 647 (Tex. Crim. App. 2010) (holding that fingerprint analysis cannot be compelled under article 64

of the Code of Criminal Procedure because it does not involve testing of biological material).

Even if Goodrich had demonstrated that the items he seeks to test contain biological material, Goodrich did not establish that he would not have been convicted if exculpatory results had been obtained through DNA testing. Goodrich is required to show by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). Here, Goodrich correctly pointed out in his motion for DNA testing that even if DNA testing revealed the prints belonged to one of the other suspects in this case or someone else not previously tied to the murder investigation, it is still unknown when those prints were left. The prints or DNA could have been deposited on Bogany's vehicle at any time prior to the murder. The DNA test results would not determine the identity of the person who committed the murder, nor exculpate Goodrich for the murder. We conclude that the trial court did not err in denying Goodrich's motion for forensic DNA testing under article 64 or his motion to reconsider the denial of his request for DNA testing. *See Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008); *Bell v. State*, 90 S.W.3d 301, 305-06 (Tex. Crim. App. 2002). We overrule Goodrich's sole issue and affirm the trial court's order.

8

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 11, 2015
Opinion Delivered March 18, 2015
Do not publish

Before Kreger, Horton and Johnson, JJ.