**Affirmed and Opinion Filed April 14, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01241-CR

**TERRY WAYNE LEE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 041709**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Terry Wayne Lee was convicted in 1994 of murder, and this Court affirmed his conviction on direct appeal. *Lee v. State*, No. 05-94-01163-CR, 1995 WL 689662 (Tex. App.—Dallas Nov. 13, 1995, no pet.). In October 2013, appellant filed a motion for post-conviction DNA testing which the trial court denied. In two issues, appellant claims the trial court erred by denying his motion. We affirm.

At some time during the evening and morning of April 29th and 30th of 1993, Walter Eugene (Gino) Henley was shot and killed. His body was found in or near Sadler, Grayson County, Texas. Several spent .22−caliber casings were found near the body although no weapon was found or linked to the murder. At trial, Tina Jones, the common-law wife of appellant's brother, Shane Lee, told the jury she, Shane, and appellant drove in appellant's car to meet Gino

who was parked in his car on a back country road. Tina saw appellant put his revolver in the waistband of his pants before exiting the car with Shane. Gino got out of his car, and the three men had a heated discussion. Tina saw appellant's hand come up from his side, and she heard two gunshots. She saw someone driving Gino's car leave the scene with its lights extinguished, and appellant got back in his car. He put the revolver, which smelled of sulfur, on the front seat. Appellant told Tina he was going to pick up Shane. After driving around, they saw Shane running down the road; appellant picked him up, and they drove off. After hearing this testimony and considering all the evidence presented by the State, the jury convicted appellant and assessed punishment at life in prison.

In two issues, appellant claims the trial court erred by denying his motion because appellant (1) showed a reasonable probability through the testimony of at least one juror that he would not have been convicted "had the testing of the items shown DNA attributable to someone other than Appellant," and (2) affirmatively identified the items to be tested, showed such items were in a condition that allowed DNA testing, and the same items have been adequately safeguarded and subjected to a sufficient chain of custody. In response, the State filed a motion attaching affidavits from, among others, the district clerk and court reporter. Both the district clerk and the court reporter stated there was no evidence regarding this case in the possession of either the district clerk's office or in the court reporter's records.

We review the trial court's ruling on a motion for post-conviction DNA testing under a bifurcated standard of review. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application of law to fact that turn on credibility and demeanor of witnesses. *Id.* We review de novo other issues of application-of-law-to-fact questions that do not turn on the

–2–

credibility and demeanor of witnesses. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011).

The convicting court may order post-conviction DNA testing only if it finds the evidence still exists, is in a condition making DNA testing possible, and has been subjected to a chain of custody sufficient to establish it has not been substituted, tampered with, replaced, or altered in any material respect, and identity was or is an issue in the case. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A), (B) (West Supp. 2014); *Leal v. State*, 303 S.W.3d 292, 296 (Tex. Crim. App. 2009). In addition, the trial court may order the requested post-conviction DNA only if "the convicted person establishes by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing." TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A); *Gutierrez*, 337 S.W.3d at 889. In other words, "[u]nder Article 64.03, a convicted person is not entitled to DNA testing unless he first shows that there is 'greater than a 50% chance that he would not have been convicted if DNA testing provided exculpatory results.'" *Gutierrez*, 337 S.W.3d at 899 (quoting *Prible v. State*, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008)). The trial court may rule on a motion for DNA testing, "regardless of whether the attorney representing the state submitted a response." TEX. CODE CRIM. PROC. ANN. art. 64.02(b).

In his motion, appellant sought testing of the victim's shirt, the victim's jeans, the victim's shoes, and five cigarette butts found in the vicinity of the victim's body. In support of his claim that this evidence is appropriate for DNA testing, appellant relies on the affidavit of Lieutenant Ricky Wheeler of the Grayson County Sheriff's Office. In Wheeler's affidavit attached to appellant's motion, the officer states the agency possesses an evidence box containing, among other things, three pairs of blue jeans, one pair of blue tennis shoes, and a bag with cigarette butts. Notably, the affidavit makes no mention of a shirt in the evidence box. To

the extent appellant requests testing of the victim's shirt, he has failed to establish that piece of evidence still exists. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i).

With respect to the remaining items in appellant's request, we first note we are not entirely clear which of the three pairs of jeans contained in the evidence box should be tested. *See Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002). Although appellant's motion seeks to test the victim's jeans, it does not identify which of the jeans in the evidence box belonged to the victim. Nevertheless, nothing in Wheeler's affidavit or in any of the other affidavits attached to appellant's motion establishes the items listed in his motion have "been subjected to a chain of custody sufficient to establish [they have] not been substituted, tampered with, replaced, or altered in any material respect." *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(ii). Because appellant has failed to provide facts regarding the chain of custody in support of his motion, we cannot conclude the trial court erred by denying his motion requesting forensic DNA testing of evidence in this case. We overrule his second issue. In light of our disposition of the second issue, we need not address his first issue. *See* TEX. R. APP. P. 47.1.

We affirm the trial court's order.


Do Not Publish
TEX. R. APP. P. 47.2(b)
141241F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRY WAYNE LEE, Appellant

No. 05-14-01241-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 041709.
Opinion delivered by Justice Francis, Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of April, 2015.