

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00089-CR

———————————————

BRANDON BLAKE COLEMAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12297

---

Before Birdwell, Bassel, Womack., JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Brandon Blake Coleman appeals from the trial court's orders denying his "Third Motion for Forensic DNA Testing or, Alternatively, Enter [sic] Finding on Existing DNA" (the DNA Motion) and his "Request for Approval of Funds for Retaining a Forensic DNA Expert" (the Expert Motion). We will affirm.

## II. BACKGROUND

In October 2012, Coleman was indicted on three counts of indecency with a child by contact, one count of improper photography, and one count of sexual assault.[1] Facing a life sentence if convicted of all five counts and having been advised by his attorney that, given the nature of the charges, the photographic evidence, and Coleman's criminal history, he was unlikely to prevail at trial, Coleman pleaded guilty to the sexual-assault count and two counts of indecency with a child by contact in exchange for a twenty-year prison sentence.[2]

---

[1]The indictment also contained a habitual count alleging that Coleman had been convicted of two prior counts of indecency with a child and two enhancement paragraphs alleging that Coleman had previously been convicted of failing to register as a sex offender and possession with intent to deliver a controlled substance, namely, methamphetamine.

[2]Coleman actually received a separate twenty-year sentence for each of the three counts to which he pleaded guilty, but the court ordered that these sentences would run concurrently.

In connection with Coleman's case, DNA samples were collected from two of the victims.[3] With respect to the first victim, who is referred to in the indictment as SW16, DNA testing of a right breast swab and buccal swab indicated the presence of a DNA mixture consistent with at least two male individuals. No conclusion could be made as to whether Coleman was a contributor to the swab taken from SW16's breast. DNA samples were also taken from MW19's vulva and breasts. While the vulvar swab reflected no male DNA, the right breast swab was consistent with a major male and at least one other male DNA contributor. However, Coleman was excluded as the source of either the major or minor components. The left breast swab was also consistent with at least two male DNA contributors, but no conclusion could be made regarding whether Coleman was one of them.

Beginning in March 2015, Coleman filed a series of post-conviction motions and other requests for relief, including motions for additional DNA testing and numerous petitions for writs of habeas corpus, all of which were denied.

In December 2020, Coleman filed yet another motion for additional DNA testing—the DNA Motion—which was heard by the trial court in July 2021.[4] At the

---

[3]Each of the three counts to which Coleman pleaded guilty involved a different victim. As reflected in the indictment, the victims of the two indecency-with-a-child-by-contact counts were SW16 and CB16. The victim of the sexual-assault count was MW19. There is no record of any DNA testing of material collected from CB16.

[4]The DNA Motion was initially denied without a hearing in January 2021 by Judge Ralph Walton. However, in April 2021, Judge David Evans, the Presiding Judge of the Eighth Administrative Judicial Region, signed an order granting

close of evidence, the trial court continued the hearing to allow Coleman's appointed counsel an opportunity to pursue the retention of a DNA expert. In August 2021, Coleman's counsel filed the Expert Motion in which she requested $2,500 to retain such an expert. Following a December 2021 hearing, the trial court entered orders denying both motions. This appeal followed.

### III. DISCUSSION

In a single point, Coleman argues that the trial court erred by denying the DNA Motion and the Expert Motion.[5] Coleman's argument lacks merit.

### A. Chapter 64

Under Chapter 64 of the Texas Code of Criminal Procedure, a convicted person may file "a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material." Tex. Code Crim. Proc. Ann. art. 64.01(a-1). Such a motion requests testing of evidence that was in the State's possession during trial that either was not previously tested or, although previously

---

Coleman's motion to recuse Judge Walton and vacating the January 2021 order denying the DNA Motion. The case was then assigned to Senior District Judge Robert Brotherton, who presided over the July 2021 and December 2021 hearings.

[5]Though not included as a separate point, Coleman's brief also references his contentions that he was not made aware of the DNA test results prior to pleading guilty and that he would not have pleaded guilty if he had been aware of this DNA evidence. However, as Coleman acknowledges, a Chapter 64 motion for DNA testing is not the proper vehicle by which to bring such a complaint. Rather, the appropriate pleading to address a lack of awareness of exculpatory evidence prior to pleading guilty is an application for a writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07. Accordingly, we will not address this issue here.

4

tested, can be tested with newer techniques that would provide more "accurate and probative" results. *Id.* art. 64.01(b); *see also Holberg v. State*, 425 S.W.3d 282, 284 (Tex. Crim. App. 2014). A convicting court may order testing only if (1) the evidence "still exists and is in a condition making DNA testing possible"; (2) the evidence "has been subjected to a chain of custody sufficient to establish it has not been substituted, tampered with, replaced, or altered in any material respect"; and (3) "identity was or is an issue in the case." Tex. Code Crim. Proc. Ann. art. 64.03(a)(1); *Holberg*, 425 S.W.3d at 284. Additionally, to prevail on a Chapter 64 motion, a convicted person must prove by a preponderance of the evidence that he "would not have been convicted if exculpatory results had been obtained through DNA testing" and that "the request for the proposed DNA testing is not made to unreasonably delay the execution of [the convicted person's] sentence[.]" Tex. Code Crim. Proc. Ann. art. 64.03(a)(2); *Holberg*, 425 S.W.3d at 284.

## B. Standard of Review

When reviewing a trial court's ruling on a Chapter 64 motion, we apply a bifurcated standard of review. *Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017); *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Under this standard, "we give almost total deference to the judge's resolution of historical fact issues supported by the record and applications-of-law-to-fact issues turning on witness credibility and demeanor," but "we review de novo all other application-of-law-to-fact questions." *Reed*, 541 S.W.3d at 768–69.

## C. Analysis

Because Coleman has not satisfied Chapter 64's requirements, the trial court properly denied his request for additional DNA testing.

First, all of the relevant evidence was previously subjected to DNA testing, and Coleman has not shown the existence of newer testing techniques that would provide a reasonable likelihood of results that are more accurate and probative than those from the prior tests. *See* Tex. Code Crim. Proc. Ann. art. 64.01(b). Thus, Coleman has not demonstrated that the evidence is the proper subject of a Chapter 64 motion. *See id.*

Second, Coleman has not shown that "identity was or is an issue in the case." *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(C); *Holberg*, 425 S.W.3d at 284. For purposes of a Chapter 64 motion, identity is not an issue if "an exculpatory DNA result would not . . . exclude the movant as the assailant." *Hernandez v. State*, No. 13-20-00216-CR, 2022 WL 324069, at *3 (Tex. App.—Corpus Christi-Edinburg, Feb. 3, 2022, no pet.) (mem. op., not designated for publication); *see also Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008) (holding that "if DNA testing would not determine the identity of the person who committed the offense or would not exculpate the accused," the requirements of Chapter 64 have not been met). As the trial court noted, because all of the offenses to which Coleman pleaded guilty—touching SW16's and CB16's breasts and penetrating MW19's sex organ with his finger—are contact offenses, neither the absence of his DNA nor the presence of a

6

third party's DNA would exonerate Coleman. Coleman's contact DNA could easily have been washed off or replaced with that of other individuals before the samples were collected. Thus, Coleman has not satisfied the requirements of Article 64.03(a)(1). *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(C).

Finally, Coleman has not shown by a preponderance of the evidence that he would not have been convicted if the results of the requested DNA testing had been available at trial. *See id.* art. 64.03(a)(2)(A); *State v. Swearingen*, 424 S.W.3d 32, 38 (Tex. Crim. App. 2014) ("In order to be entitled to DNA testing, the [movant] must show by a preponderance of the evidence (51%) that he would not have been convicted if the exculpatory results were available at trial."). As noted above, because of the nature of Coleman's charged offenses, neither the absence of Coleman's DNA nor the presence of a third party's DNA would exonerate him. Moreover, Coleman's trial counsel testified that the nonbiological evidence against Coleman, including photographs of one of the victims, made it unlikely that Coleman would prevail at trial. Thus, Coleman has not satisfied his burden under Article 64.03(a)(2). *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A); *Swearingen v. State*, 303 S.W.3d 728, 736 (Tex. Crim. App. 2010) ("Texas courts have consistently held that a movant does not satisfy his burden under Article 64.03 if the record contains other substantial evidence of guilt . . . ."); *Lair v. State*, No. 02-17-00202-CR, 2018 WL 2440390, at *3 (Tex. App.—Fort Worth, May 31, 2018, pet. ref'd) (mem. op., not designated for publication) (affirming denial of appellant's request for post-conviction DNA testing

because the substantial nonbiological evidence against appellant prevented him from meeting his burden to show that he would not have been convicted if DNA test results exculpated him); *Thompson v. State*, 95 S.W.3d 469, 472 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (holding that the movant did not establish that DNA testing would produce exculpatory results when other competent evidence was available to show that he committed the offense).

Because Coleman has not satisfied the requirements of Chapter 64, the trial court did not err by denying the DNA Motion and the Expert Motion. We therefore overrule Coleman's sole point.

### IV. CONCLUSION

Having overruled Coleman's sole point, we affirm the trial court's orders.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 9, 2023