# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00090-CR

---

**Manuel Gasper Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-03-904093, THE HONORABLE CHANTAL ELDRIDGE, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Manuel Martinez appeals the denial of his Chapter 64 motion for DNA testing. *See* Tex. Code Crim. Proc. art. 64.01. He contends that the trial court erred when it: (1) denied his motion; (2) ruled on his motion the day after the State filed its response without allowing him an opportunity to file a reply; and (3) declined to appoint him counsel for the purposes of presenting his Chapter 64 motion. We affirm.

### BACKGROUND

In 2003, Martinez was indicted and convicted of aggravated assault with a deadly weapon for striking his then-girlfriend's three-year-old daughter with his hand and for injury to a child for striking the same child with either a belt or his hand. *See* Tex. Penal Code §§ 22.02, .04; *Martinez v. State*, No. 03-03-00666-CR, 2005 WL 548095, at *1 (Tex. App.—Austin Mar. 10, 2005, no pet.) (mem. op., not designated for publication).

At trial, Martinez's ex-girlfriend testified that over the Thanksgiving weekend Martinez repeatedly struck her daughter on her torso, face, arms, and bottom using his hand, fist, and a belt. The paramedic who examined the child found that she had widespread bruising on her eyes, cheeks, legs, and arms and had hair loss. Both the paramedic and a doctor from the children's-hospital emergency room that treated the child testified that in their opinions the child's injuries were consistent with the mother's report of abuse.

Martinez's defensive theory focused on arguing that the police did not investigate thoroughly enough to rule out the child's mother as the perpetrator. A belt was admitted into evidence as a State's exhibit. The belt was found hidden in Martinez's home after the child's mother told police that Martinez had used the belt to beat her child. The belt has Martinez's first initial and last name on it. No forensic evidence, such as fingerprints or DNA, was collected. During closing arguments, defense counsel criticized the police for not having the belt tested and argued that if the belt was used as alleged by the State, then skin particles from the child would have been transferred to the belt and a fingerprint may have been left on it.

After being found guilty of both counts, Martinez pleaded true to the enhancement allegations. The jury assessed punishment of 99 years' imprisonment for the aggravated assault and 20 years' imprisonment for the injury to a child to be served concurrently. *See* Tex. Penal Code § 12.42. On appeal, Martinez's conviction was affirmed. *Martinez*, 2005 WL 548095, at *6.

In 2023, Martinez filed a motion for DNA testing to be done on the belt. The trial court denied the motion and entered findings of fact and conclusions of law:

2

Findings of Fact:

1. Applicant fails to establish that identity is an issue in this case.

2. Applicant's motion for post-conviction DNA testing fails to show that any additional testing would produce exculpatory results that demonstrate that he would not have been convicted if these results had been presented at trial.

Conclusions of Law:

1. With regard to Applicant's motion for post-conviction DNA testing, the requirements of Article 64.03 of the Texas Code of Criminal Procedure have not been satisfied. *See* Tex. Code Crim. Proc. art. 64.03(a)(1)(C) & 64.03(a)(2)(A). As a consequence, this Court does not have the authority to order post-conviction DNA testing. *See* Tex. Code Crim. Proc. art. 64.03(a).

Martinez appeals the denial of his motion.

## APPLICABLE LAW AND STANDARD OF REVIEW

Under Chapter 64 of the Code of Criminal Procedure, "a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material." Tex. Code Crim. Proc. art. 64.01(a-1). A convicted person moving for DNA testing must demonstrate that certain statutory requirements are met. *See id.* art. 64.03 (requirements for forensic DNA testing). At issue here, the convicting court must find that "identity was or is an issue in the case," *id.* art. 64.03(a)(1)(C), and the convicted person must establish by a preponderance of the evidence that "the person would not have been convicted if exculpatory results had been obtained through DNA testing," *id.* art. 64.03(a)(2)(A). A defendant is not entitled to DNA testing unless he shows that unaltered evidence is available for testing and that there is a greater than fifty-percent chance that he would not have been convicted if DNA testing provided exculpatory results. *Prible v. State*, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008). The convicting court shall

3

appoint counsel for an indigent convicted person who requests such appointment if the court finds reasonable grounds for a motion for DNA testing to be filed. Tex. Code Crim. Proc. art. 64.01(c). When, as here, the trial court decided the motion based solely on the written submissions, we review the issues de novo. *See Smith v. State*, 165 SW.3d 361, 363 (Tex. Crim. App. 2005).

## DISCUSSION

In his first issue, Martinez contends that the testing of the belt would have shown a lack of the victim's or his DNA. He reasons that "[h]ad the jury heard evidence that there is no linkage of the skin cell particles, alleged to be on the belt, to appellant or the complainant, there exist[s] a reasonable probability the entire outcome of the trial would have [been] altered." We disagree.

"Texas courts have consistently held that a movant does not satisfy his burden under Article 64.03 if the record contains other substantial evidence of guilt independent of that for which the movant seeks DNA testing." *Swearingen v. State*, 303 S.W.3d 728, 736 (Tex. Crim. App. 2010). Regarding Martinez's aggravated-assault conviction, he was indicted and convicted of using his hand as a deadly weapon, not the belt. As we concluded when reviewing his direct-appeal issues, the trial testimony supported the State's theory that Martinez knowingly or intentionally caused bodily injury to his ex-girlfriend's child using his hands as a deadly weapon. *See Martinez*, 2005 WL 548095, at *3.

Regarding his conviction for injury to a child, the State presented two alternative means and manner for which the jury could have found that Martinez knowingly and intentionally caused bodily injury to the child—by striking her with a belt or by striking her with

4

his hand. There is substantial evidence independent of the belt and any biological material that may or may not be on it to support either theory. Specifically, Martinez's ex-girlfriend testified that Martinez repeatedly struck her daughter with his hand, fist, and a belt over the course of three to four days in episodes that lasted hours. The State's medical witnesses testified that the child's injuries were consistent with that testimony.

We hold that the trial court did not err when it concluded that Martinez's post-conviction motion for DNA testing failed to show that any additional testing would produce exculpatory results that demonstrate that he would not have been convicted if these results had been presented at trial. *See Swearingen*, 303 S.W.3d at 736 (affirming denial of motion for DNA testing when substantial evidence existed unrelated to item to be tested). We overrule Martinez's first issue.[1]

In his second issue, Martinez contends that the trial court erred by denying his motion for testing one day after the State responded because it did not allow him time to file a reply. He contends that this violated his right to due process. "There is no free-standing due process right to DNA testing." *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). Chapter 64.02 provides the procedural requirements following a movant's filing of a motion for Chapter 64 DNA testing. *See* Tex. Code Crim. Proc. art. 64.02. Notably, it allows for the trial court to "proceed under Article 64.03 after the response period described by Subsection (a)(2) has expired, regardless of whether the attorney representing the state submitted a response under that subsection." *Id.* art. 64.02(b). Chapter 64 does not require the trial court to wait for a reply from the movant before ruling on the motion. "The [Chapter 64] procedures do

---

[1] Because we have concluded that Martinez did not meet his burden under subsection 64.03(a)(2)(A), we do not address whether he met his burden to demonstrate that identity was or is an issue in this case under subsection 64.03(a)(1)(C). *See* Tex. R. App. P. 47.1.

not violate appellant's due process rights." *Cravin v. State*, 95 S.W.3d 506, 511 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (holding that "there is nothing fundamentally unfair about the procedures set out in chapter 64"). Thus, we overrule Martinez's second issue.

In his final issue, Martinez contends that the trial court erred by failing to appoint him counsel for the purposes of presenting his Chapter 64 motion. An indigent convicted person has a limited right to appointed counsel to assist with filing a motion for post-conviction DNA testing. *Gutierrez*, 337 S.W.3d at 889. However, that entitlement is not absolute, but rather is conditioned on the trial judge's finding "that reasonable grounds exist for the filing of a motion." Tex. Code Crim Proc. art. 64.01(c); *Gutierrez*, 337 S.W.3d at 889. "Before appointing an attorney, the trial judge needs 'reasonable grounds' to believe that (1) a favorable forensic test is a viable, fair and rational possibility, and (2) such a test could plausibly show that the inmate would not have been convicted." *Gutierrez*, 337 S.W.3d at 892. If assuming that the movant is not the source of the DNA to be tested "would not change the probability that the inmate would still have been convicted, then there are no reasonable grounds to appoint an attorney and no justification for ordering any testing." *Id.*

Here, even assuming that Martinez's purported exculpatory results would occur if the belt was tested—that neither his nor the victim's DNA is on the belt—it would not change the probability that he would still have been convicted. The jury convicted Martinez of aggravated assault for striking his ex-girlfriend's child with his hands in a manner that made them deadly weapons. The evidence supports that he struck the child in the same manner over the course of three days. Even if the child's and Martinez's DNA are not on the belt, as he contends, it does not exclude him as the perpetrator of the offenses. The jury could have believed that Martinez committed injury to a child by using a different belt than the one found by

6

police. The jury also could have believed that he used his hands to injure the child—just like they believed he did when they convicted him of aggravated assault for using his hands as deadly weapons. We overrule Martinez's third issue. *See id.* at 894–95.

## CONCLUSION

We affirm the trial court's denial of Martinez's motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed: November 20, 2025

Do Not Publish

7